■ HUMBLE OIL & REFINING COMPANY, Plaintiff, v. M. W. KELLOGG COMPANY et al., Defendants. M. W. KELLOGG COMPANY, Third-Party Plaintiff-Respondent, v. GENERAL ELECTRIC COMPANY, Third-Party Defendant-Appellant. — Order entered on February 18, 1960, denying motion of third-party defendant to dismiss third-party complaint for insufficiency, affirmed, on the law, with $20 costs and disbursements to third-party plaintiff-respondent. The third-party plaintiff is the defendant in the main action. As such it resists the plaintiff's right to recover. However, the law grants a defendant the right to bring in a third party in order to protect the defendant in the event that the plaintiff recovers on proof that indicates that the defendant was not guilty of active or primary negligence, but that the relief granted to the plaintiff was granted only because of the active or primary negligence of the third-party defendant. It is not for the third-party plaintiff, who is the defendant in the principal case, to make out the plaintiff's cause of action, or even to anticipate in what direction the proof will lead. Sufficient that the complaint of the original plaintiff is broad enough to make possible a decision against the defendant despite the fact that it was the third-party defendant who alone was guilty of primary or active negligence. We must judge a third-party complaint by somewhat different standards than we apply to a plaintiff's complaint. We should not expect the third-party complaint to spell out a cause of action against the third-party defendant with the same precision required of the complaint in the main action. To compel it to do so would be to compel it to make out the plaintiff's case in advance. It is defending that case and not prosecuting it. To compel it to plead with precision could well lay a foundation for a motion by the plaintiff for summary judgment or for judgment on the pleadings against it. Its complaint is really a defensive measure for its protection only in the event that it should, upon trial, be held liable to the plaintiff solely because of another's primary negligence. The answer to the question as to whether a third-party complaint should stand is found primarily in an examination of the original

plaintiff's complaint. In this case it is quite apparent from that complaint that liability could be fastened on the third-party plaintiff for passive or secondary negligence in circumstances occasioned by the third-party defendant's active or primary negligence. In the circumstances the third-party complaint is sufficient and it should not be stricken. What is said with respect to actions based in negligence, of course, governs in connection with actions based on indemnity. If a plaintiff sues on a warranty and if the defendant has a warranty from the third-party coextensive with the warranty given to the plaintiff by the defendant then a third-party complaint will stand against a third-party defendant. We also have that situation here. Concur — Breitel, J. P., Rabin, Stevens and Bastow, JJ.; Eager, J., dissents in the following memorandum: I dissent. I would dismiss the third-party complaint, with costs, with leave to replead. Certainly, we do not have here "a plain and concise statement of the material facts" (see Civ. Prac. Act, § 241) showing that the third-party defendant "is or may be liable to him [third-party plaintiff] for all or part of the plaintiff's claim against him" (see Civ. Prac. Act, § 193-a). The allegations of the complaint and the third-party complaint, read together as they should be, are indefinite and obscure in the matter of the cause of the breakdown of the compressor alleged to have resulted in the fire. The third-party complaint alleges in conclusory form that "the cause of the failure and breakdown of the C-6 Compressor as alleged in the complaint was or may have been occasioned by reason of abnormal and exciting forces directly caused and created by third-party defendant's C-6G turbine." The third-party complaint is insufficient without the statement of facts to support this conclusory allegation. (See *Shass* v. *Abgold Realty Corp.*, 277 App. Div. 346.) The bringing of a third-party defendant into a negligence suit often results in considerable delay in completion of pretrial procedures and in the trial itself. Such delay is, of course, unjustifiable where the third party is hastily brought in by a defendant without any reasonable basis for liability over. Therefore, it is reasonable to require that a defendant, if he has a claim over against a third party, to factually state the basis of it in his third-party complaint. If, because of indefiniteness in the main complaint served upon him, he is unable at the start of the suit to allege the basis of his claim over, he may by means of a bill of particulars from plaintiff, a pretrial examination or independent investigation, ascertain the facts and then be in a position to serve a third-party complaint actually showing the basis of his claim over.