[693 NYS2d 554]

17 VISTA FEE ASSOCIATES et al., Plaintiffs, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Defendant.

17 VISTA FEE ASSOCIATES et al., Third-Party Plaintiffs-Appellants-Respondents, v JAROS BAUM & BOLLES, Third-Party Defendant-Respondent-Appellant.

First Department, July 15, 1999

76

## APPEARANCES OF COUNSEL

*Constance M. Boland* of counsel (*Frank H. Penski* and *Elizabeth E. DiMichele* on the brief; *Nixon, Hargrave, Devans & Doyle, L. L. P.,* attorneys), for third-party plaintiffs-appellants-respondents.

*Stephen A. Postelnek* of counsel (*Hilary K. Dobies* on the brief; *Wilson, Elser, Moskowitz, Edelman & Dicker, L. L. P.,* attorneys), for third-party defendant-respondent-appellant.

## OPINION OF THE COURT

MAZZARELLI, J.

The issue to be decided on this appeal is whether the seller

of a building may seek indemnification from a mechanical engineer because the engineer's negligent design of a smoke purge system resulted in the seller having to pay the building's new owner for those defects. We conclude that the seller is entitled to indemnification from the engineer because the seller itself was compelled to discharge a duty that it had delegated fully to, and that should have been discharged by, the engineer, whose negligence was the actual cause of the loss. We also find that the seller has viable causes of action against the engineer for professional malpractice and breach of contract.

In the mid-1980's, plaintiffs and third-party plaintiffs 17 Vista Fee Associates and 17 Vista Associates (17 Vista) entered into a sale agreement with defendant Teachers Insurance and Annuity Association of America (TIAA) for 17 Vista to construct an office building at 17 State Street in Manhattan, and to sell it to TIAA after its completion. Third-party defendant Jaros Baum & Bolles (JB&B), a mechanical engineer, was retained by 17 Vista to design certain engineering systems for the building, including a smoke purge system.

The sale agreement required 17 Vista to make various improvements at a local subway station (subway obligation), to construct an exhibit space at the building (exhibit obligation) and to design systems in the building itself, including the smoke purge system (building obligation), before a certificate of occupancy for the building could be obtained. Although not fully completed, the building was sold to TIAA in 1990 and it received a temporary certificate of occupancy. By 1992, construction was completed and the subway and exhibit obligations had been fulfilled, but a permanent certificate of occupancy had not been received by TIAA because the smoke purge system had not passed Fire Department inspection. Although no longer the building's owner, 17 Vista continued to work with JB&B into 1992 to repair the smoke purge system. Eventually, it ceased these efforts. It was not until 1995, when a second fan was installed, that the smoke purge system passed inspection and a permanent certificate of occupancy was issued.

After TIAA refused to pay certain funds allegedly due under the sale agreement, 17 Vista commenced the main action against TIAA for monies owed, and for a declaration that it had discharged all of its obligations under the sale agreement. TIAA answered, and asserted counterclaims against 17 Vista for breaches of its obligations under the sale agreement and a

related indemnity agreement. TIAA sought damages of approximately $452,000 for breaches relating to the smoke purge system, and a $17,500 claim for attorneys' fees allegedly owed by 17 Vista.

Subsequently, 17 Vista commenced this third-party action against JB&B, asserting causes of action in contribution, indemnification and negligence. Under these separate theories of recovery, 17 Vista sought reimbursement for any amount it would be required to pay TIAA as a result of JB&B's failure to properly design the smoke purge system, plus attorneys' fees. The third-party action was severed, and the main action scheduled for trial. However, on the eve of trial, 17 Vista and TIAA entered into a settlement which required 17 Vista to pay an undisclosed sum to TIAA.

In September 1997, JB&B moved for summary judgment to dismiss the third-party complaint. 17 Vista withdrew its contribution cause of action, and cross-moved for leave to amend the third-party complaint to add causes of action for breach of contract and implied contractual indemnity. The IAS Court granted JB&B's motion for summary judgment, finding that no viable claim for indemnity existed because (1) JB&B did not contribute to 17 Vista's failure to meet its own obligations to TIAA under the various agreements; (2) there was no assertion of a legal duty independent of the contractual obligation so as to implicate an indemnity claim; (3) there was no basis for a contractual indemnity claim; and (4) 17 Vista was itself a "wrongdoer" who could not benefit from the doctrine of indemnity. Regarding the negligence claim, the court found it time barred because 17 Vista had failed to bring suit within three years of the sale of the building in 1990, and further determined that "[e]conomic loss in a breach of contract does not constitute 'injury to property' within CPLR 1401." The court denied the cross motion to amend the third-party complaint summarily.

17 Vista moved for reargument, asserting that JB&B breached a duty directly owed to TIAA, and that, therefore, 17 Vista's liability was only vicarious. The IAS Court adhered to its earlier determination dismissing the indemnity claim. It ruled that since 17 Vista was seeking indemnity for sums paid in settlement to TIAA, and some of that settlement money related to obligations other than the smoke purge system (i.e., the subway obligation, etc.), 17 Vista was improperly seeking partial indemnification. Additionally, while the court did not alter its dismissal of the negligence cause of action, it did

modify its holding to the extent of permitting an amendment to add a breach of contract cause of action.

17 Vista appeals the dismissal of their indemnity and negligence claims, and the denial in the December 18, 1997 order of their motion to amend the third-party complaint. JB&B cross-appeals from that portion of the July 15, 1998 order which granted leave to amend to include a breach of contract claim. As we conclude that the IAS Courts' holdings relating to the indemnity and negligence causes of action were in error, we reinstate those causes of action. We affirm the grant of leave to amend to add a breach of contract cause of action.

■ The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party (*D'Ambrosio v City of New York*, 55 NY2d 454, 460; *McDermott v City of New York*, 50 NY2d 211, 217 [" '(a) person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity' "] quoting Restatement of Restitution § 76). In the classic case, implied indemnity permits one held vicariously liable solely on account of the negligence of another to shift the entire burden of the loss to the actual wrongdoer (*Mas v Two Bridges Assocs.*, 75 NY2d 680, 690; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 567-568; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449).

Implied indemnification has permitted a vicariously liable building owner and contractor to shift all liability to a subcontractor whose negligence actually caused the loss (*see, Rogers v Dorchester Assocs.*, 32 NY2d 553, 566). However, "a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine [of indemnification]" (*Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, *supra*, at 453). Thus, to be entitled to indemnification, the owner or contractor seeking indemnity must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought (*see, Rogers v Dorchester Assocs.*, *supra*; *cf.*, *Guzman v Haven Plaza Hous. Dev. Fund Co.*, *supra*).

Here, the IAS Court improperly dismissed the indemnity claim. Although 17 Vista was required to fulfill all of the certificate of occupancy obligations as part of its agreement with TIAA, it is undisputed that 17 Vista delegated full responsibility for the design of the smoke purge system to JB&B. Indeed,

the record shows that JB&B had exclusive responsibility for the smoke purge system, and 17 Vista was liable to TIAA for breach of this particular obligation solely due to JB&B's negligent performance of its duty (*see, City of New York v Kalikow Realty Co.*, 71 NY2d 957, 959; *Rogers v Dorchester Assocs., supra; Menorah Nursing Home v Zukov*, 153 AD2d 13; *cf., Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, *appeal after remand* 146 AD2d 190, *lv denied* 75 NY2d 702; *Dormitory Auth. v Scott*, 160 AD2d 179, 181, *lv denied* 76 NY2d 706). Thus, since 17 Vista's liability relating to the smoke purge system was, in essence, derivative, 17 Vista's indemnity claim is viable (*Rogers v Dorchester Assocs., supra*).

That TIAA's underlying counterclaims sounded in breach of contract, rather than tort, does not defeat the indemnity claim. The result would be different if 17 Vista were seeking contribution rather than indemnification. In *Board of Educ. v Sargent, Webster, Crenshaw & Folley* (71 NY2d 21, 28, *supra* [hereinafter *Board of Educ.*]), the Court of Appeals held that a third-party contribution action brought by an architect on a construction project was properly dismissed because the underlying action by a school district against the architect was for breach of contract, and "the existence of some form of tort liability is a prerequisite" for a contribution action under CPLR 1401. Relying on *Board of Educ.* (*supra*), this Court has dismissed contribution actions arising out of contractual breaches where no predicate tort liability exists (*see, Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, *lv denied* 91 NY2d 803; *SSDW Co. v Feldman-Misthopoulos Assocs.*, 151 AD2d 293, 294-295).

*Board of Educ.* (*supra*) does not mandate dismissal here because 17 Vista has withdrawn its contribution cause of action, and instead claims reimbursement by way of indemnification. While the *Board of Educ.* Court also upheld the dismissal of the indemnity claim as originally pleaded, it did so only because the Board had not alleged facts showing that it was "unfairly required to discharge a duty that should have been discharged by another, such that a contract to indemnify should be implied by law" (*supra,* at 29). Significantly, the Court of Appeals upheld the trial court's grant of permission to replead such facts as might support an indemnity claim, and, in doing so, recognized that an indemnity claim might lie notwithstanding the absence of any predicate tort liability.

The ultimate dismissal of the indemnification cause of action on remand in *Board of Educ.* (146 AD2d 190, *supra*) does not alter our determination, premised as it was on the Court's

finding that the Board did not seek to hold the architect vicariously liable for the negligence of another (*see also, SSDW Co. v Feldman-Misthopoulos Assocs., supra*). The opposite is true here, where TIAA is seeking to hold 17 Vista liable for the negligence of another, JB&B, to whom performance was fully delegated.

The IAS Court erroneously determined that 17 Vista was not entitled to indemnity because it was an actual wrongdoer. This was premised on a finding that 17 Vista was in breach of various obligations of the contract with TIAA, including the provisions relating to its subway, exhibit and attorneys' fees obligations. This analysis is flawed for two reasons. First, 17 Vista seeks indemnification only for that portion of the settlement relating to the smoke purge system. The third-party complaint makes no reference to indemnification for the subway, exhibit and attorneys' fees claims. Indeed, 17 Vista submitted evidence demonstrating that it had fully complied with the subway and exhibit obligations. Accordingly, even if 17 Vista bore full responsibility for these additional obligations, it was not seeking indemnity for them.

Secondly, contrary to JB&B's argument, 17 Vista's alleged wrongdoing with respect to these other obligations did not impair its right to seek indemnification on the claim relating to the smoke purge system. Significantly, TIAA's counterclaims sought two distinct species of damages, to wit, those relating to the smoke purge system and those arising out of the attorneys' fees claim. In *Mas v Two Bridges Assocs.* (*supra*), the Court of Appeals held that a vicariously liable building owner was entitled to indemnification from an elevator contractor who had assumed exclusive responsibility for maintenance of the elevator which caused plaintiff's injuries, notwithstanding that the owner was primarily liable for another part of plaintiff's damages under a different theory of liability. The owner's breach of a "separate and discrete duty" (*supra,* at 691), it was held, did not defeat the right of indemnity. Similarly, here, 17 Vista may seek indemnity for the loss arising from the smoke purge system where its liability is derivative, despite its primary liability for the separate and discrete attorneys' fees claim.

■ Plaintiffs' negligence claim was also improperly dismissed. An action for professional malpractice may lie in the context of a contractual relationship if the professional negligently discharged the duties arising from that relationship (*see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700;

*AJ Contr. Co. v Trident Mgrs.*, 234 AD2d 195, 196). The IAS Court held that 17 Vista had no viable tort claim since no legal duty independent of the contract was violated, and since it had alleged only economic loss. A simple breach of contract does not give rise to a tort claim unless a legal duty independent of the contract has been violated (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389). Additionally, a contracting party seeking only a benefit of the bargain recovery, viz., economic loss under the contract, may not sue in tort notwithstanding the use of familiar tort language in its pleadings (*see, Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 294-295, *appeal after remand* 184 AD2d 221, *lv denied* 80 NY2d 758; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 552).

However, in claims against professionals, "[a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals * * * may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties [citations omitted]" (*Sommer v Federal Signal Corp., supra*, at 551). In this case, 17 Vista alleged in the third-party complaint that JB&B had failed to exercise the skill and judgment required of members of the engineering profession when it designed a faulty smoke purge system, and that such failure resulted in its liability to TIAA for the cost of repairing the system. These allegations are separate and distinct from JB&B's contractual duties, and state a viable claim for professional malpractice.

Even if, as JB&B argues, the costs incurred by 17 Vista in settling the smoke purge claim may be not considered property damage (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra*, at 28), the fact that 17 Vista suffered pecuniary losses only is of no significance in this malpractice claim against a professional (*cf., Sommer v Federal Signal Corp., supra; Bellevue S. Assocs. v HRH Constr. Corp., supra*). Many types of malpractice actions, such as those against an accountant or attorney, will frequently result in economic loss only (*see, Robinson Redev. Co. v Anderson*, 155 AD2d 755, 757).

Nor was the malpractice claim untimely. When the third-party action was commenced in 1995, the Statute of Limitations for professional malpractice actions seeking pecuniary damages was six years (*see, Santulli v Englert, Reilly & McHugh, supra*, at 707; *Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389, 394-395). The Legislature did not amend CPLR 214 (6) until 1996 (L 1996, ch 623) to provide that all nonmedical malpractice actions are subject to a three-year Statute of Limi-

tations, whether pleaded in contract or tort. That amendment is to apply prospectively only (*see, Ruffolo v Garbarini & Scher,* 239 AD2d 8). Accordingly, as the third-party action was commenced within five years from the time the building was sold in 1990, the action was timely.*

██ We affirm that portion of the July 15, 1998 order which, upon reargument, granted 17 Vista's motion to amend the third-party complaint to include a cause of action against JB&B for breach of contract. As noted, a breach of contract action may be maintained against a professional based on "an implied promise to exercise due care in performing the services required by the contract [citations omitted]" (*Santulli v Englert, Reilly & McHugh, supra,* at 705). In its opposition to the motion, JB&B argued that 17 Vista waited too long before asserting this claim. It further argued that it would be impossible to ascertain the precise amount of damages referable to the smoke purge system because the settlement included sums related to other issues. However, since leave to amend should be freely granted (CPLR 3025 [b]), and since there is no prejudice to JB&B discernible on this record, delay alone should not defeat the amendment. The argument concerning damages is also unpersuasive. The only portion of the settlement not relating to the smoke purge system involved the $17,500 attorneys' fees claim, and this may easily be deducted from the total settlement amount.

The IAS Court's refusal to permit the addition of a cause of action for implied contractual indemnity was also proper. There is no distinction between that cause of action and its original action for common-law indemnity.

Accordingly, the order of the Supreme Court, New York County (Lewis Friedman, J.), entered December 18, 1997, insofar as it granted the third-party defendant Jaros Baum & Bolles' motion for summary judgment dismissing the third-party complaint and denied third-party plaintiff 17 Vista Fee Associates leave to amend the third-party complaint to add a cause of action for implied contractual indemnity and order, same court (Barry Cozier, J.), entered July 15, 1998, insofar as it granted in part 17 Vista's motion for reargument, and, upon reargument, permitted 17 Vista to amend the third-party com-

---

* Even if the three-year Statute of Limitations applied, summary judgment dismissal was still unwarranted as 17 Vista's submissions raised an issue of fact regarding whether JB&B continued its services until December 1992 by continuing to advise 17 Vista on how to repair the smoke purge system.

plaint to add a cause of action for breach of contract and otherwise dismissed the third-party action, should be modified, on the law, third-party defendant's motion for summary judgment denied, the January 13, 1998 judgment vacated, the third-party complaint reinstated, and otherwise affirmed, without costs.

Tom, J. P., Andrias and Saxe, JJ., concur.

Order, Supreme Court, New York County, entered December 18, 1997, and order, same court, entered July 15, 1998, modified, on the law, third-party defendant's motion for summary judgment dismissing the third-party complaint denied, the January 13, 1998 judgment vacated, the third-party complaint reinstated, and otherwise affirmed, without costs.