MONADNOCK CONSTRUCTION, INC., Appellant, v JOSEPH NICOLETTI ASSOCIATES PROFESSIONAL LAND SURVEYORS, P.C., Respondent. (And a Third-Party Action.) [942 NYS2d 619]—

In an action, inter alia, to recover damages for professional malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered June 8, 2011, as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $304,234.

The plaintiff, Monadnock Construction, Inc. (hereinafter Monadnock), was the general contractor for the construction of a building in Brooklyn. As part of its responsibilities as the general contractor, Monadnock contracted with the defendant, Joseph Nicoletti Associates Professional Land Surveyors, P.C. (hereinafter Nicoletti), to survey the property and set construction elevation benchmarks (hereinafter the surveying contract). The foundation for the building was poured based on erroneous construction elevation benchmarks contained in Nicoletti's survey, necessitating the removal of the improperly poured foundation, and its replacement with a proper foundation, at a cost of $304,234.

Monadnock commenced this professional malpractice action against Nicoletti to recover the monetary damages it had sustained. Following discovery, Monadnock moved for summary judgment on the complaint. The Supreme Court denied the motion, concluding that, although Monadnock had established its prima facie entitlement to judgment as a matter of law against Nicoletti, in opposition, Nicoletti raised a triable issue of fact as to whether Monadnock should have inspected Nicoletti's work. Monadnock appeals, and we reverse the order insofar as appealed from.

The Supreme Court correctly determined that Monadnock established its prima facie entitlement to judgment as a matter of law by showing that Nicoletti used a noncustomary method to set the construction elevation benchmark on the project site, which resulted in the survey error (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, Nicoletti failed to raise a triable issue of fact. Contrary to Nicoletti's argument and the conclusion of the Supreme Court, the general contracting agreement between Monadnock and the owner of the property providing, inter alia, that Monadnock must supervise and direct the construction work, did not relieve Nicoletti of its professional responsibilities to Monadnock under the surveying contract (*see generally 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 82-83 [1999]). Therefore, the Supreme Court should have granted Monadnock's motion for summary judgment on the complaint.

Since Monadnock also met its prima facie burden of demonstrating the amount of damages it sustained, and Nicoletti did not dispute the amount of damages that Monadnock incurred, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of Monadnock and against Nicoletti in the principal sum of $304,234. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.