Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 9, 2013, which denied defendant Acadia P/A 161 Street, LLC’s motion for summary judgment on its cross claims for contractual and common-law indemnification against its codefendant, Gateway Building Services, Inc., unanimously modified, on the law, the motion granted on the common-law indemnification cross claim, and otherwise affirmed, without costs.
Plaintiff avers that while attempting to exit her office building located at 260 E. 161st Street on a rainy night, she slipped and fell in the building’s vestibule, where no mats had been placed to protect individuals from the slipperiness of the wet terrazzo floor. She filed this action, naming Acadia, the building owner and manager, and Gateway, its maintenance contractor, as defendants. Acadia and Gateway filed cross claims against each other for contractual and common-law indemnification.
Following discovery, Acadia sought summary judgment on its cross claims for contractual and common-law indemnification against Gateway. The IAS court denied the motion, finding an issue of fact existed concerning who was responsible for placing mats in the vestibule and lobby when it rained.
The testimony of both Acadia and Gateway is clear and consistent; Gateway was solely responsible for putting out the mats in the lobby and vestibule when it rained. To the extent plaintiff has alleged her injury is because of Gateway’s failure to do so, Gateway is required to provide common-law indemnification to Acadia, which would only be vicariously liable for Gateway’s negligence (see e.g. 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80 [1st Dept 1999]).
Since we find that Acadia is entitled to common-law indemnification, we see no need to address whether it is also entitled to contractual indemnification.
Concur—Mazzarelli, J.P, Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.