Board of Mgrs. of the Porter House Condominium v Delshah 60 Ninth LLC (2021 NY Slip Op 01318)





Board of Mgrs. of the Porter House Condominium v Delshah 60 Ninth LLC


2021 NY Slip Op 01318


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 157034/18 Appeal No. 13278 Case No. 2020-02243 

[*1]Board of Managers of the Porter House Condominium, Plaintiff,
v
Delshah 60 Ninth LLC, Defendant-Respondent-Appellant, Michael K. Shah, Defendant-Respondent, Antonio Di Oronzo, R.A., Defendant-Appellant-Respondent.


Milber Makris Plousadis & Seiden, LLP, Woodbury (Joseph V. Cambareri of counsel), for appellant-respondent.
Woods Oviatt Gilman, LLP, Buffalo (Robert C. Carbone of counsel), for respondent-appellant/respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 13, 2020, which, insofar as appealed from, denied defendant Antonio Di Oronzo, R.A.'s motion to dismiss all cross claims against him for common-law indemnification to the extent based on the nuisance cause of action, granted Di Oronzo's motion to dismiss defendant Delshah 60 Ninth, LLC's cross claim against him for common-law indemnification arising from a breach of contract, and granted defendant Delshah's cross motion to convert its cross claims against Di Oronzo to a third-party complaint and to add a new party, Bluarch LLC, as an additional third-party defendant, unanimously modified, on the law, to deny Di Oronzo's motion to dismiss Delshah's cross claim against him for common-law indemnification in connection with the breach of contract claim, and otherwise affirmed, without costs.
Di Oronzo argues correctly that, in general, common-law indemnification is not available when the primary claim alleges breach of contract resulting from the breaching party's own conduct (Chatham Towers, Inc. v Castle Restoration & Constr., Inc., 151 AD3d 419 [1st Dept 2017]). However, in the construction context, a party may seek common-law indemnification from a construction professional where "the [party] itself was compelled to discharge a duty that it had delegated fully to, and that should have been discharged by, the [professional], whose negligence was the actual cause of the loss" (17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 78 [1st Dept 1999]).
Moreover, Delshah's common-law indemnification claim against Di Oronzo is not limited to the underlying tort claims but applies as well to the breach of contract claim (id. at 81). The complaint in the main action specifically alleges that plaintiff communicated to Delshah its concern that construction according to Di Oronzo's elevation drawings would result in a violation of the zoning lot development agreement between plaintiff and Delshah.
Di Oronzo argues for the first time on appeal that the common-law indemnification claim should be dismissed insofar as it is based on the claim of professional negligence and Delshah's allegation that it delegated all responsibility to Di Oronzo and his firm, Bluarch. As this is not a purely legal argument but involves issues of fact, we may not consider it (Watson v City of New York, 157 AD3d 510 [1st Dept 2018]).
The motion court correctly declined to consider Di Oronzo's argument, raised for the first time in reply, that the professional negligence claim against him and his firm should be dismissed (see Lee v Law Offs. of Kim & Bae, P.C., 161 AD3d 964, 965-966 [2d Dept 2018]). Di Oronzo argues that he properly argued for dismissal of the professional negligence claim in his opposition to Delshah's cross motion to convert the cross claims to third-party claims. However, that argument would be limited to contending that the cross claims could not [*2]be converted because they were palpably lacking in merit, and, as discussed, at this stage we cannot say that they are devoid of merit (see Cruz v Brown, 129 AD3d 455 [1st Dept 2015]).
We have considered Di Oronzo's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021