Jersen Constr. Group, LLC v Cranesville Block Co., Inc. (2025 NY Slip Op 50921(U))

[*1]

Jersen Constr. Group, LLC v Cranesville Block Co., Inc.

2025 NY Slip Op 50921(U)

Decided on June 6, 2025

Supreme Court, Saratoga County

Kupferman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2025
Supreme Court, Saratoga County

Jersen Construction Group, LLC, Plaintiff,

against
Cranesville Block Co., Inc., Defendant.
Cranesville Block Co., Inc., Third-Party Plaintiff,
against
Specialty Products Group Inc., Third-Party Defendant.

Index No. EF20233331

John P. Mastropietro, Esq.
Nathan C. Woodard, Esq.
Mastropietro Law Group PLLC
63 Franklin Street
Saratoga Springs, New York 12866
Attorneys for Plaintiff
Paul C. Marthy, Esq.
Hinman, Howard & Kattell, LLP
10 Airline Drive, Suite 205
Albany, New York 12205
Attorneys for Defendant/Third-Party Plaintiff
Nicholas R. Napoli, Esq. 
Wilson Elser Moskowitz Edelman & Dicker LLP
200 Great Oaks Blvd., Suite 228 
Albany, New York 12203 Attorneys for Third-Party Defendant

Richard A. Kupferman, J.

The Defendant ("Cranesville") sold and delivered to the Plaintiff ("Jersen") concrete for the construction of a nursing home ("Project"). Under the terms of the agreement, Cranesville was allegedly obligated to include a vapor lock admixture in the concrete supplied for the Project. Cranesville purchased a vapor lock admixture known as Vapor Lock 20/20 ("Product") from the Third-Party Defendant ("Specialty Products") and used the Product in the concrete it supplied to Jersen. 
In this action, Jersen alleges that the Product used in the concrete was defective and that this defect caused moisture to penetrate the concrete block, resulting in damage (delamination) to the flooring material installed at the Project. Jersen asserts that it is entitled to a judgment against Cranesville for the cost of remediating the work, in an amount of no less than $750,000.00, because Cranesville "failed to adhere to the Project plans and specifications and/or provided defective material(s)" (Complaint, at Paragraph 5). In addition to a breach of contract claim, Jersen asserts a claim for common law indemnification for the remediation costs and additional "potential losses" in response to a claim asserted against it by the Project's Owner for the damage caused to the Project. In addition, Jersen asserts breach of express and implied warranty claims against Cranesville based on the allegedly defective Product/good.
Cranesville has in turn filed a third-party complaint against Specialty Products for common-law indemnification and contribution. Cranesville alleges that it is entitled to indemnity because "any such damages recoverable by Plaintiff, were caused solely due to acts or factors arising out of the Vapor Lock 20/20 supplied to Cranesville from [Specialty Products]" (Third-Party Complaint, at Paragraph 14). Alternatively, Cranesville alleges that it is entitled to contribution and that liability, if any, should be apportioned accordingly.
Specialty Products now seeks to dismiss the third-party complaint for failure to state a cause of action pursuant to CPLR 3211 (a)(7). On such a motion, the Court must accept the facts as alleged in the third-party complaint as true, accord the non-moving party the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]; see also CPLR 3026). "Whether the [third-party plaintiff] will later survive a motion for summary judgment, or whether [it] will ultimately be able to prove its claims plays no part in the determination" (Shaya B. Pacific, LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, 38 AD3d 34, 38 [2d Dept 2006]). "The sole criterion is whether, 'from the pleading's four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law'" (Doller v Prescott, 167 AD3d 1298, 1299 [3d Dept 2018] [brackets and citations omitted]).
Regarding the indemnity claim, Specialty Products essentially contends that Cranesville is not entitled to such relief because it engaged in active negligence and/or breached its contract with Jersen. A party's right to common-law or implied indemnification is rooted in equity and "may be implied 'based upon the law's notion of what is fair and proper as between the parties'" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374-375 [2011] [citation omitted]; see 23 NY Jur 2d, Contribution, Indemnity, and Subrogation § 113 [West Group 2025]). The right to this [*2]relief "may rest on various independent grounds—for example, indemnity may be appropriate because of a separate duty owed the indemnitee by the indemnitor, or because one of two parties is considered actively negligent or the primary or principal wrongdoer" (Bellevue South Assoc. v HRH Constr. Corp., 78 NY2d 282, 296 [1991]; see also 17 Vista Fee Assocs. v. Teachers Ins. & Annuity Ass'n of Am., 259 AD2d 75, 80 [1st Dept 1999]; Restatement [First] of Restitution § 76; Restatement [Second] of Torts § 886B; 23 NY Jur 2d, Contribution, Indemnity, and Subrogation § 113).
While Specialty Products correctly notes that "a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine of indemnification" (17 Vista Fee Assocs., 259 AD2d at 80 [internal quotation marks, brackets, and citation omitted]; see 23 NY Jur 2d, Contribution, Indemnity, and Subrogation §§ 117-119), the Court cannot find as a matter of law at this stage of the proceedings that Cranesville was actively negligent or that it participated in any wrongful conduct that would foreclose it from seeking indemnification against Specialty Products. Indeed, a broad construction of the pleadings (as required under CPLR 3026) indicates that Specialty Products furnished a defective product to Cranesville; that the defect in the product caused significant damages to the Project for which Jersen seeks a judgment against Cranesville; and that such damages were caused solely due to the defective Product furnished by Specialty Products to Cranesville for use in the Project.
Several cases demonstrate that a party's alleged breach of its contractual obligations does not necessarily foreclose its right to obtain common-law indemnification from another party responsible for the loss. In the Vista case, for example, the seller of a building was required to fulfill certain obligations relating to a smoke purge system as part of its agreement with the purchaser (259 AD2d 75). The purchaser sought damages from the seller for allegedly breaching this obligation, and the seller sought indemnity from its engineer who designed the system. There, the First Department concluded that the seller was "entitled to indemnification from the engineer because the seller itself was compelled to discharge a duty that it had delegated fully to, and that should have been discharged by, the engineer, whose negligence was the actual cause of the loss" (id. at 78; see also Konrad Devs., LLC v Holbrook Heating, Inc., 158 AD3d 1202 [4th Dept 2018]).
Similarly, in the Konrad case, the plaintiff (builder) subcontracted with the defendant for the installation of a heating, air conditioning, and hot water system in a residence that it was constructing. There, the Fourth Department held that a breach of contract claim asserted by the owner of the residence against the builder did not foreclose the builder's right to obtain common-law indemnification against the subcontractor (see Konrad Devs., LLC, 158 AD3d at 1203-1204). The Court further held that the subcontractor was not entitled to summary judgment dismissing the builder's indemnification claim against it because it failed to make a prima facie showing that "the alleged loss was not due solely to its negligent performance or nonperformance of an act solely within its province" (id. at 1204 [internal quotation marks, brackets, and citations omitted]).[FN1]

Likewise, in Menorah Nursing Home, the Second Department held that a surety of the [*3]general contractor could seek indemnification from subcontractors to the extent that their wrongful conduct might have caused the general contractor to default in its contractual obligations (see Menorah Nursing Home v Zukov, 153 AD2d 13 [2d Dept 1989]). There, the Court relied on the general rule of tort law that "a general contractor who has been held liable to an injured plaintiff, but whose misconduct was purely 'passive,' may recover judgment over against a subcontractor whose misconduct was active" (id. at 23-24). It further concluded that the indemnification claims could be viewed as sounding in breach of contract and that under the general rules of contract law "a general contractor is permitted to recover from a subcontractor whatever damages it might have incurred as a result of a breach of the subcontract" (id.).
This case is similar to All Around Storage, LLC, which involved the procurement of asphalt material pursuant to certain project specifications (State of New York v All Around Stor., L.L.C., 69 Misc 3d 1212[A] [Sup Ct, Albany County 2020]). There, the subcontractor who procured the materials asserted a claim for common law indemnification against the two material suppliers who provided the asphalt material. In response, as here, the material suppliers filed a motion to dismiss the subcontractor's fourth-party complaint, pursuant to CPLR 3211(a)(7). As in this case, the suppliers contended that the claim asserted against the subcontractor alleged actual wrongdoing by it and that this barred its indemnification claim because its liability was not strictly passive (see id.). There, the Albany County Supreme Court ultimately rejected this contention, concluding that the common-law indemnification claim was potentially viable and that it would be inappropriate given the procedural context of the case to attempt to "resolve the merits of the indemnity claim by making factual determinations" (id. [internal quotation marks, parentheses, and citations omitted]).
In addition to this case law, it is also worth noting that Jersen has asserted a claim against Cranesville for allegedly breaching implied warranties which arose by operation of the Uniform Commercial Code (Fourth Cause of Action). As this claim by Jersen against Cranesville is based on the allegedly defective Product supplied by Specialty Products, the Court finds that it is entirely appropriate at this stage of the litigation to allow Cranesville a full and fair opportunity to pursue any rights it may have for indemnification against Specialty Products for any liability it may incur in connection with this claim (see Humble Oil & Refining Co. v M. W. Kellogg Co., 13 AD2d 754 [1st Dept 1961]; see also J.H. v 1288 LLC, 171 AD3d 549 [1st Dept 2019] [involving a common-law indemnity claim by owners of an apartment building against the former owner based on a claim asserted by the tenant regarding bug infestation]; Elkman v Southgate Owners Corp., 246 AD2d 314 [1st Dept 1998] [involving an indemnification claim by a landlord against an adjacent fish retailer based on a claim asserted by a tenant against the landlord for an alleged violation of the warranty of habitability under Real Property Law § 235-b]).
Further, regardless of the merits of Jersen's implied warranty claim, Cranesville, as an alleged purchaser of the defective good, may also be entitled to obtain indemnity against Specialty Products based on the implied or express warranties (if any) provided to it in connection with its purchase of the good from Specialty Products (see e.g. NY UCC 2-314; 2-315; 2-714; 2-715; Bellevue South Assoc., 78 NY2d at 282). In the Bellevue case, for example, a flooring subcontractor asserted an indemnification claim against a tile manufacturer based on a theory of breach of implied warranty (Bellevue South Assoc., 78 NY2d at 282). There, the Court of Appeals concluded that an implied warranty may provide the requisite basis for an indemnification claim and that the flooring subcontractor could potentially recover on its implied [*4]warranty indemnity claim if the evidence showed the existence and breach of the warranty and that the breach was the proximate cause of plaintiff's damages (see id.; see also Arell's Fine Jewelers v. Honeywell, Inc., 170 AD2d 1013, 1015 [4th Dept 1991]). In light of this holding in Bellevue, as well as for the additional reasons discussed above, the Court finds that Cranesville has sufficiently stated a potentially viable claim for common-law indemnification.
Turning to the contribution claim, the Court recognizes that the case law precludes a defendant from seeking contribution from third parties based on a straightforward breach of contract/breach of warranty claim involving economic losses for which a claim of contribution is simply not available (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 23-30 [1987]; see also Chatham Towers, Inc. v Castle Restoration & Const., Inc., 151 AD3d 419, 420 [1st Dept 2017]; Westbank Contr., Inc. v Rondout Val. Cent. School Dist., 46 AD3d 1187, 1190 [3d Dept 2007]; Elkman, 246 AD2d at 314).
Notwithstanding, the Product allegedly damaged the building, and the Project Owner has allegedly asserted a claim against Jersen for which Jersen is seeking indemnification from Cranesville, the extent and nature of which are not fully known. The record is also undeveloped on several other issues, including the extent and nature of the damage caused by the allegedly defective Product. There are certainty possible scenarios in which the contribution claim may be legally sufficient depending on the facts developed during discovery (see Board of Educ. of Hudson City School Dist., 71 NY2d at 28 n 1 [noting that the contribution provisions (CPLR 1401) are "appliable in cases where a tort-feasor is charged with 'breach of warranty' in connection with a defective product that causes injury"]; Westbank Contr., Inc., 46 AD3d at 1190 [reiterating that the determining factor regarding the availability of contribution is not the theory behind the underlying claim but the measure of damages sought]; Noble v Desco Shoe Corp., 41 AD2d 908, 910 [1st Dept 1973] ["no distinction should be drawn between actions grounded in negligence and those based on breach of warranty"]; see also 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc., 121 AD3d 651, 651-654 [2d Dept 2014] [where defective windows and doors allegedly resulted in water intrusion that caused injury to other structural elements of the building, such as flooring and walls, such losses constituted damage to "other property" that was not the subject of the parties' agreement and, accordingly, supported a valid tort cause of action]; Adirondack Combustion Techs., Inc. v Unicontrol, Inc., 17 AD3d 825, 827 [3d Dept 2005] [negligence and strict products liability claims survived summary judgment where the defendant's product, a controller device, allegedly caused damage to a boiler following the failure of defendant's product]).
Based on these uncertainties and the fact-specific nature of this case, the Court considers the motion to dismiss the contribution claim to be premature. The motion is therefore denied, without prejudice to resubmit or renew on these issues after the completion of discovery, so that the Court may review the legal sufficiency of these claims based on a more fully developed record.
It is therefore,
ORDERED, that the third-party defendant's motion seeking to dismiss the third-party complaint pursuant to CPLR 3211(a)(7) is DENIED, without prejudice; and it is further
ORDERED, that the parties shall complete paper discovery within the next 60 days and notice party depositions within the next 90 days; and it is further
ORDERED, that the parties' counsel shall appear for a compliance conference in person [*5]at the Saratoga County Courthouse on September 24, 2025 at 2:00 p.m. 
This shall constitute the Decision and Order of the Court. No costs are awarded to any party. The Court is hereby uploading the original decision into the NYSCEF system for filing and entry by the County Clerk. The Court further directs the parties to serve notice of entry in accordance with the Local Protocols for Electronic Filing for Saratoga County.
So-Ordered.
Dated: June 6, 2025
at Ballston Spa, New York
HON. RICHARD A. KUPFERMAN
Justice Supreme Court
Papers Considered:
NYSCEF Doc. Nos.: 1, 4, 5, 11-14, 16, 22, 28-42

Footnotes

Footnote 1:In Konrad and Vista, the appellate courts also held that the breach of a separate and discrete duty does not defeat the right of indemnity (Konrad Devs., LLC, 158 AD3d at 1204; 17 Vista Fee Assocs., 259 AD2d at 82).