**Board of Mgrs. of the 12 E. 88th St. Condominium v 12 E. 88th LLC**

2026 NY Slip Op 30685(U)

February 24, 2026

Supreme Court, New York County

Docket Number: Index No. 652919/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**                     PART                    11M

*Justice*

-------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 12 EAST 88TH STREET
CONDOMINIUM,

| | |
|---|---|
| INDEX NO. | 652919/2024 |
| MOTION DATE | 10/07/2025 |
| MOTION SEQ. NO. | 001 |

                                    Plaintiff,

                    - v -

12 EAST 88TH LLC,12 EAST 88TH OWNER LLC,JMW 88
LLC,JSMB 88 LLC,JSMB 88 MM LLC,MATTHEW M.
BARON, JONATHAN H. SIMON,

**DECISION + ORDER ON
MOTION**

                                    Defendant.

-------------------------------------------------------------------------------X

12 EAST 88TH LLC

                                                            Third-Party
                                                    Index No.  595624/2025

                                    Plaintiff,

                    -against-

SEFINA INDUSTRIES, LTD., PHOENIX PLUMBING &
MECHANICAL CORP., TINDEL REPLACEMENT WINDOWS
INC., ROMA ELECTRICAL SERVICES INC., ALL-BORO
FLOOR SERVICE, INC., SOUTH SHORE DRYWALL, INC.,
IDEAL ROOFING & SHEET METAL CORP., KAMEN TALL
ARCHITECTS PC, KINLIN RUTHERFURD ARCHITECTS
PLLC, GUTH DECONZO CONSULTING ENGINEERS PC

                                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 51, 52, 53, 54, 55,
56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 81, 88

were read on this motion to/for                         DISMISSAL                         .

Upon the foregoing documents, the motion is granted in part.[1]

## **Background**

This motion arises out of an alleged failure to renovate and convert a residential

condominium building in line with the marketing materials and offering plan. Plaintiff is the

---
[1] The Court would like to thank Jungwoo Park for his assistance in this matter.

**652919/2024   BOARD OF MANAGERS OF THE 12 EAST 88TH STREET CONDOMINIUM vs. 12**          **Page 1 of 7**
**EAST 88TH LLC ET AL**
**Motion No.  001**

1 of 7

[* 1]

INDEX NO. 652919/2024

RECEIVED NYSCEF: 02/24/2026

board of managers of the 12 East 88th Street Condominium. They filed this underlying proceeding in June of 2024, pleading five causes of action against the building developer and Sponsor (12 East 88th LLC), the Sponsor's principals (Matthew M. Baron and Jonathan H. Simon), and several LLCS that are equity owners in Sponsor (12 East 88th Owner LLC, JMW 88 LLC, JSMB 99 LLC, and JSMB 988 MM LLC, collectively with Sponsor and Sponsor's Principals the "Defendants"). The gravamen of Plaintiff's complaint is the allegation that prospective purchasers were fraudulently induced to buy units in the building by marketing materials and an offering plan that made knowingly false representations regarding building specifications. For instance, it is alleged that the roof is leaking is several areas, that the installed wheelchair lift is not compliant with accessibility requirements, and that piping was improperly installed.

Not long after the complaint was filed, the Sponsor Defendant filed a third-party complaint, pleading contribution and indemnification claims against a variety of entities involved in the design and construction of the condominium. One of those third-party defendants is movant Kinlin Rutherfurd Architects PLLC ("Kinlin"), who Sponsor claims was the design architect and architect of record for the building. The third-party complaint alleges that Kinlin was the architect for the building conversion based on a proposal dated March 26, 2014 (the "March Proposal"), and that Kinlin also agreed to perform certain construction administration services. Kinlin argues that the March Proposal reflects an initial attempt to be the architect of record, and that this proposal was never adopted. Instead, they claim, their role in the project was reduced to architect of record for only one out of ten DOB applications, the one pertaining solely to the cellar, basement, and first floor in the building. They submit a second proposal reflecting this change dated January 10, 2020 (the "January Proposal"), as well as the ten DOB applications

for the building. In the present motion, Kinlin moves to dismiss the third-party complaint as against them.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 [1994].

CPLR § 3211(a)(5) allows for a complaint to be dismissed because of a valid release. While a valid release generally "constitutes a complete bar", for a signed release the burden shifts to the plaintiff to "show that there has been fraud, duress, or some other fact which will be sufficient to void the release." *Centro Empesarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 [2011].

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are

652919/2024   BOARD OF MANAGERS OF THE 12 EAST 88TH STREET CONDOMINIUM vs. 12   Page 3 of 7
EAST 88TH LLC ET AL
Motion No.  001

[* 3]                                                        3 of 7

discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

**Discussion**

Kinlin moves to dismiss the claims asserted against them on the basis that: 1) the common-law indemnification fails because the Sponsor is being sued for their own negligence and wrongdoing; 2) the common-law indemnification claim is barred by the economic loss doctrine; and 3) the contractual indemnification claim fails for lack of a written agreement between the Sponsor and Kinlin. Sponsor opposes the motion. For the reasons that follow, the motion is granted as to the contractual indemnification and contribution claims in the third-party complaint and denied as to the common-law indemnification claim.

*The Common-Law Indemnity Claim Does Not Fail Based on Sponsor's Alleged Wrongdoing at This Stage*

Kinlin argues that the claim for common-law indemnity against them fails because in the underlying proceeding, Sponsor is being sued for their own negligence and wrongdoing. The general rule is that common-law indemnification is "available in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer." *McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 375 [2011]. The Court of Appeals has held that "a party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part." *Id*. In other words, common-law indemnification requires that the party seeking indemnification "must show that it may not be held responsible in any degree." *Rosado v. Procter & Scwartz, Inc.*, 66 N.Y.2d 21, 24 – 5 [1985]. Kinlin argues that the underlying complaint alleges that Sponsor violated its own

contractual and other obligations to Plaintiff, and therefore common-law indemnification is not available here.

Sponsor argues that their common-law indemnification claim against Kinlin is valid because Plaintiff's claims involve alleged design defects that Kinlin may be liable for. They argue that the degree of Kinlin's ultimate liability for Plaintiff's claims is a factual issue that cannot be resolved now. On a motion to dismiss a third-party complaint, the main analysis is to be found "primarily in an examination of the original plaintiff's complaint." *Humble Oil Refining Co. v. M. W. Kellogg Co.*, 13 A.D.2d 754, 754 – 55 [1st. Dept. 1961]. Here, Plaintiff's complaint alleges a variety of building defects that could theoretically be due to design defects, including in the portion of the building that Kinlin was responsible for in the revised January Proposal. Furthermore, Plaintiff alleges that certain representations attached to the offering plan were made by Kinlin and were false or misleading. Therefore, on the generous standard afforded to third-party complaints, Kinlin has not met its burden on a motion to dismiss based on the theory that Sponsor is being sued for its own wrongdoing. Dismissal of the claim on this ground would be improper.

*The Economic Loss Doctrine Bars Sponsor's Claim for Contribution from Kinlin*

Kinlin moves to dismiss the claim for contribution on the grounds that it is barred by the economic loss doctrine. Under this doctrine, contribution is not available for "purely economic loss resulting from a breach of contract." *Board of Education v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 26 [1987]. There must necessarily be tort liability alleged for a claim for contribution to stand. *Tower Bldg. Restoration, Inc. v. 20 E. 9th St. Apt. Corp.*, 295 A.D.2d 229, 230 [1st Dept. 2002]. Kinlin argues that all damages asserted against them are purely economic and spring solely from an alleged breach of contract related to the two proposals. In opposition,

**652919/2024   BOARD OF MANAGERS OF THE 12 EAST 88TH STREET CONDOMINIUM vs. 12**          **Page 5 of 7**
**EAST 88TH LLC ET AL**
**Motion No.  001**

5 of 7

Sponsor argues that because some of the claims Plaintiff asserts against them in the underlying proceeding sound in negligence, their third-party contribution claim against Kinlin stands.

The First Department has noted that the "touchstone for purposes of whether one can seek contribution is not the nature of the claim in the underlying proceeding but the measure of damages sought therein." *Children's Corner Learning Ctr. v. A. Miranda Contr. Corp.*, 64 A.D.3d 318, 324 [1st Dept. 2009]. In the First Department, even when a claim is for professional malpractice, so long as the damages sought are purely economic and do not "seek traditional tort remediation", a claim for contribution is barred. *Id.*, at 324 – 25. Here, the claims asserted in the underlying proceeding that could potentially lead to Kinlin's liability are all clearly contractual in nature. Therefore, a claim for contribution by Sponsor cannot stand against them, and to the extent the third-party complaint pleads such a claim it is properly dismissed.

*The Contractual Indemnification Cause of Action Fails to State a Valid Claim*

Kinlin moves to dismiss the contractual indemnification claim asserted against them on the grounds that there is no written agreement between the parties containing a contractual indemnification clause. While Sponsor does not deny that neither of the two proposals contain a contractual indemnification clause, they argue that it is possible that something may "emerge during discovery that will bear directly on Kinlin's indemnification obligations." Even on the generous standards of a pre-answer motion to dismiss a third-party complaint, this is not sufficient to validly plead a claim for contractual indemnification. Sponsor has not provided any written agreement with Kinlin containing an indemnification provision, nor even pointed to the existence of such an agreement. Contractual indemnification necessarily requires a contract between the parties containing a valid indemnification clause. *Higgins v. TST 375 Hudson, L.L.C.*, 179 A.D.3d 508, 511 [1st Dept. 2020]; *see also Tonking v. Port Auth.*, 3 N.Y.3d 486, 490

[* 6]

[2004] (holding that an indemnification contract must be "clear and express"). Vague, conclusory allegations that it is possible that discovery might uncover some document that relates in some fashion to indemnification obligations is not sufficient to state a valid claim. Therefore, the second cause of action should be dismissed as against Kinlin. Accordingly, it is hereby

ADJUDGED that the motion is granted in part; and it is further

ORDERED and ADJUDGED that the first cause of action in the third-party complaint is dismissed as against Kinlin Rutherfurd Architects PLLC to the extent that it seeks contribution; and it is further

ORDERED and ADJUDGED that the second cause of action in the third-party complaint is dismissed as against Kinlin Rutherfurd Architects PLLC.

20260224150913LFRANK873D8FB909864049A79CFC6DB9B04495

| 2/24/2026 | | | |
|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |