■ PETTINELLI ELECTRIC CO., INC., et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered November 22, 1976, denying plaintiffs' motion for summary judgment, is unanimously reversed, on the law, and the plaintiffs' motion is granted to the extent of striking the first affirmative defense in the answer and granting summary judgment in favor of plaintiffs on the issue of liability and the matter remanded to the Supreme Court for a trial of the amount and extent of damages. Appellants shall recover of respondent $60 costs and disbursements of this appeal. Plaintiffs and defend-

ant, the Board of Education of the City of New York, had entered into a contract for the construction of two schools in the Borough of Queens. Apparently the chief need for the schools arose from an anticipated nearby housing project which the Urban Development Corporation of the State of New York (UDC) was planning to build. Thereafter, because of UDC's financial difficulties, UDC decided not to build the housing project. Thereupon, defendant board of education canceled plaintiffs' contract and terminated the construction of the schools. Plaintiffs sue for damages for breach of contract. The first affirmative defense alleges that the State Legislature has declared that a financial emergency exists in the City of New York, that said emergency also affects defendant board of education, and that to cope with the financial emergency the defendant has terminated and canceled the contracts, and that therefore plaintiffs may not maintain this action. This defense is insufficient in law. "Financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy" is not such impossibility as to excuse a defendant from liability in damages for failure to perform the contract. *(407 East 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275, 281.) Nor is there a defense of frustration of the contract by reason of the failure of UDC to go ahead with the housing project. To constitute such a defense, the inducing circumstance which no longer exists must be "the foundation of the contract." *(Krell v Henry* [1903], 2 KB 740, 749.) Here the housing project is not so intimately related to the schools that it may fairly be said that the discontinuance of the housing project is a legal frustration of the school construction contract. Further, in this case it appears that the city faced with its financial emergency decided which capital projects to continue with and which not to continue with, and this school construction contract is one of those that the city and the board of education decided not to continue with. This is analogous to "a business decision" by defendant itself which was held in the *407 East 61st Garage* case *(supra,* p 282), to render the frustration cases "inapposite." Nor is there any factual showing that the continuance of the housing project was an implied condition of the obligation of the parties. (Cf. *Ewing Co. v New York State Teachers' Retirement System,* 14 AD2d 113, 115, affd 11 NY2d 749.) Surely, if the board of education had decided that it wished to continue with the school construction contract, plaintiffs would not have been excused because of an implied condition that the housing project should continue. (Cf. *Krell v Henry* [1903], 2 KB 740, 751.) Concur—Murphy, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.