■ MICHAEL WAGNER et al., Respondents-Appellants, v GRINNELL HOUSING DEVELOPMENT FUND CORPORATION, Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. ARCHER ELEVATOR CO., INC., Third-Party Defendant-Appellant-Respondent. [746 NYS2d 156] ■

Except as to the apportionment of fault against Grinnell, the jury's verdict was not against the weight of the evidence, and was supported by sufficient evidence as a matter of law (*see, Nicastro v Park*, 113 AD2d 129). While this Court's prior holding in this matter, granting summary judgment to plaintiffs on the issue of liability as against Grinnell, explicitly provided that the relative liabilities of the building owner and the maintenance company/employer are appropriately matters for trial (260 AD2d 265, 266), the trial court erred in submitting the issue of Grinnell's proportionate share of liability to the jury. The record does not support the finding of any active negligence to justify such allocation as against Grinnell, whose liability is vicarious only, based on its statutory nondelegable duty to keep the premises safe and in repair. An owner's "duty is nondelegable and a party injured by the owner's failure to fulfill it may recover from the owner even though the responsibility for maintenance has been transferred to another. As between the owner and one voluntarily undertaking responsibility for maintenance, however, the party assuming the contractual duty is liable to the owner for the damages the owner must pay" (*Mas v Two Bridges Assoc.*, 75 NY2d 680, 687-688), absent any finding of active negligence against the owner, supported by the record (*cf., Mas, supra*). Insofar as the accident arose out of Archer's performance of the 1992 repair contract, rather than out of the more limited maintenance contract, Grinnell is entitled to full common-law indemnification from Archer based on the jury's finding of active negligence against Archer, established at trial.

With respect to the jury's finding that plaintiff was 15% comparatively negligent for the accident, the jury verdict is clearly supported by sufficient evidence as a matter of law. Plaintiff's own expert, on cross-examination, stated that plaintiff "was

standing on the crosshead of the elevator while the elevator was being moved * * * " and that "a better—a safer place to stand is on the car top itself * * *." When asked "if [plaintiff] was working on the elevator * * * would it be better for him to stand on the area which we have been calling the safe refuge place?" he responded in the affirmative. While the trial court did instruct the jury to disregard the terms "safety refuge area or safe place of refuge," presumably due to the conclusory and misleading nature of such terms, the jury remained free to consider evidence that plaintiff's location was a proximate cause of his injuries. It was undisputed that another location would have afforded him more space, something the jury was not instructed to ignore. Proximate cause is quintessentially a factual issue (Prosser and Keeton, Torts § 42 [5th ed]; Restatement [Second] of Torts § 434; *cf. Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315). In finding plaintiff partially at fault, the jury was simply, and properly, resolving a factual issue regarding proximate cause and doing so on record evidence. Based on this record, it cannot be said that there is simply " 'no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Nicastro v Park*, 113 AD2d 129, 132, quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499).

There is no merit to plaintiffs' argument that Grinnell's notice of cross appeal is untimely. CPLR 5513 (c) provides, in pertinent part, that "[a] party upon whom the adverse party has served a notice of appeal * * * may take an appeal * * * within ten days after such service or within the time limited by subdivision (a) or (b) of this section, whichever is longer, if such appeal * * * is otherwise available to such party." Therefore, Grinnell's notice of cross appeal was timely, insofar as it was served within five days of plaintiffs' notice.

We have considered and rejected the parties' other arguments for affirmative relief, including those challenging the reasonableness of the amounts awarded on the various elements of damages (*cf., e.g., Donlon v City of New York*, 284 AD2d 13; *Bernstein v Red Apple Supermarkets*, 227 AD2d 264, *lv dismissed* 89 NY2d 961). Concur—Buckley, Sullivan and Marlow, JJ.

Mazzarelli, J.P., and Andrias, J., dissent in part in a memorandum by Andrias, J., as follows: I would further modify the judgment appealed from to vacate the jury's finding of 15% negligence on the part of plaintiff. Defendants' claim of comparative negligence by plaintiff was based on allegations

that plaintiff would not have been injured if he had not been standing on the crosshead; that the accident was caused by a lack of communication between plaintiff and his coworker; and that a walkie-talkie should have been used.

Although his own expert testified that it would have been better if plaintiff had not been standing on the crosshead, which was 29 inches above the top of the elevator compartment, there is no trial testimony or other valid line of reasoning that would establish the fact or create a reasonable inference that plaintiff's position on the crosshead was a proximate cause of his injuries.

The trial court specifically instructed the jury to disregard any testimony concerning a "safety refuge area or safe place of refuge." Moreover, plaintiff testified that he was crushed into an 18-inch space and there was simply no testimony, expert or otherwise, that the accident, which occurred in less than 10 seconds, could have been avoided or plaintiff's injuries lessened if he had been standing on the roof of the elevator rather than on the crosshead.

Thus, any finding that plaintiff's alleged negligence contributed to his injuries would be speculative at best. Likewise, the trial testimony established that plaintiff and his coworker had no communication problems prior to or at the time of the accident and to find otherwise, or that walkie-talkies would have improved their communications to the point of avoiding the accident, would be pure conjecture.