■ MONSERRATE SOTO et al., Respondents, v TRINITY MORRIS CORP., Defendant and Third-Party Plaintiff-Appellant. MARCATO ELEVATOR CO., INC., Third-Party Defendant-Respondent. [751 NYS2d 477] —Order, Supreme Court, Bronx County (Bertram Katz, J.), rendered October 12, 2001, which, in an action for personal injuries by an elevator repairman, insofar as appealed from, denied defendant building owners' motion for summary judgment dismissing the complaint or for partial summary judgment on their third-party complaint against plaintiff's employer, unanimously affirmed, without costs.

Defendants' motion for summary judgment dismissing the complaint was properly denied, there being issues of fact as to whether plaintiff was injured by a falling beam, as he testified at deposition; if so, whether the beam fell because the floor in the machine room was not reinforced in conformity with Administrative Code of the City of New York § 27-610 (b) or was otherwise unsafe; and, if so, whether defendants created or had notice of the unsafe floor (*see Gordon v American Museum of Natural History*, 67 NY2d 836; *Wagner v Grinnell Hous. Dev. Fund Corp.*, 260 AD2d 265). These same issues of fact, which go to defendants' negligence in maintaining the machine room floor, also preclude summary judgment in favor of defendants on their claim for common-law indemnification against plaintiff's employer, where it does not appear that plaintiff's employer had assumed responsibility for maintenance of the machine room floor (*cf. Mas v Two Bridges Assoc.*, 75 NY2d 680, 687-688; *Wagner v Grinnell Hous. Dev. Fund Corp.*, 297 AD2d 226, 227). Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.