■ KYE YONG KIM et al., Respondents, v 40TH ASSOCIATES et al., Appellants, et al., Defendants. [762 NYS2d 600] —Judgment, Supreme Court, New York County (Donna Mills, J.), entered February 15, 2002, which, after a jury trial in this Labor Law action, inter alia, awarded plaintiffs damages, and apportioned fault 10% against premises owner 40th Associates and managing agent Jack Resnick & Sons Inc., 10% against tenant SDT Enterprises Corp., doing business as Rhyme & Reason; and 80% against general contractor More Design Interior, Inc., unanimously modified, on the law, to (1) vacate the 10% fault apportionment as against the owner and managing agent as without sufficient evidentiary basis; (2) reassign the percentage of fault assigned by the jury to the owner and managing agent, pari passu, to the tenant and general contractor, and (3) award the owner and managing agent judgment upon their claim for contractual indemnification from the tenant and upon their claim for common-law indemnification from the general contractor, and otherwise affirmed, without costs.

Inasmuch as there was no evidence rationally supportive of the conclusion that plaintiff's accident was in any measure attributable to nonstatutory negligence on the part of defendants owner and managing agent, that portion of judgment finding them 10% at fault must be vacated (see *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). It is plain that neither of

those defendants had the authority to direct and control the work in which plaintiff was engaged at the time of his injury (*see Correa v 100 W. 32nd St. Realty Corp.*, 290 AD2d 306 [2002]). Indeed, the evidence demonstrated that the owner and managing agent had no access to the work site and were, in any event, unable to communicate with plaintiff and his coworkers, since they shared no language with the workers, who spoke only Korean.

With our vacatur of the fault finding against the owner and managing agent, the formerly existing impediment to the grant of their claim for contractual indemnification from defendant tenant has been removed, and the relied-upon contractual indemnification provision, which does not run afoul of General Obligations Law § 5-322.1, should be enforced (*see Velez v Tishman Foley Partners*, 245 AD2d 155, 156-157 [1997]). In addition, in the absence of any supportable finding of fault against the owner and managing agent, and in light of the jury finding of nonstatutory negligence against general contractor defendant More Design—which we find to be sustainable on a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985])—the owner and managing agent are entitled to prevail upon their claim for common-law indemnification from More Design (*see e.g. Wagner v Grinnell Hous.*, 297 AD2d 226, 227 [2002]).

The court properly refused to include plaintiff's nonparty employer on the apportionment jury's verdict sheet. Notwithstanding the severity of plaintiff's injuries, they did not meet the "grave injury" threshold of Workers' Compensation Law § 11, and, therefore, any third-party claims against plaintiff's employer were precluded (*see Konior v Zucker*, 299 AD2d 320, 321 [2002]). Consideration of the employer's negligence, if any, was thus barred (CPLR 1601 [1]).

The jury's award did not deviate materially from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]), and plaintiff's past and future earnings were established with reasonable certainty (*cf. Martinez v Royal-Pak Sys.*, 300 AD2d 198 [2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Sullivan, Ellerin, Williams and Lerner, JJ.