■ Richards Plumbing & Heating Co., Inc., Plaintiff, v Washington Group International, Inc., et al., Defendants. Washington Group International, Inc., Third-Party Plaintiff-Appellant, v Office for Architecture, Planning, Design, P.C., et al., Third-Party Defendants-Respondents. [874 NYS2d 410]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about October 29, 2007, which granted third-party defendants' motion to dismiss the third-party complaint, unanimously affirmed, without costs.

This action arises out of a dispute concerning construction of a retirement facility owned by defendant the Home for the Aged for the Little Sisters of the Poor of the City of New York (owner). Pursuant to separate contracts with the owner, third-party plaintiff was the construction manager on the project and third-party defendants were the architect.

Plaintiff subcontractor brought an action against the construction manager and owner alleging nonpayment for work performed, and the owner asserted cross claims against the construction manager for breach of contract, consisting, inter alia, of failing to provide strict oversight and causing delays on the project. The construction manager then brought a third-party action against the architect asserting claims for common-

law indemnification and contribution based on the architect's alleged failure to properly perform its work and obtain the necessary permits and approvals for the project, resulting in delays and increased costs.

The court properly dismissed the construction manager's third-party claim for common-law indemnification since plaintiff's claims and the owner's cross claims allege breach of contract by the construction manager, not vicarious liability attributed solely to the fault of the architect (*see Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985] ["(s)ince the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine"]). Although the construction manager argues that it was entitled to indemnity because its relationship with the architect was so close as to approach that of privity (*see e.g. Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417 [1989]), indemnification has been imposed on this basis only where negligent misrepresentation or similar torts were alleged. The construction manager has provided no authority to support its claim for indemnity in the context of a breach of contract action and the third-party complaint does not allege negligent misrepresentation by the architect.

The third-party claim for contribution also fails because the claims against the construction manager are based on alleged breaches of contract. While two or more entities that "are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution" from the other (CPLR 1401), a purely economic loss resulting from a breach of contract does not constitute an "injury to property" within the meaning of CPLR 1401 (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]). Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.