■ Greece Central School District, Plaintiff, v Tetra Tech Engineers, Architects & Landscape Architects, P.C., Doing Business as Thomas Associates Architects & Engineers, Formerly Known as Thomas Associates, Architects & Engineers, P.C., Defendant Third-Party Plaintiff-Respondent. Christa Construction LLC, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [911 NYS2d 563]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered November 12, 2009 in an action for professional malpractice and breach of contract. The order, among other things, denied third-party defendant Christa Construction LLC's motion to dismiss third-party plaintiff's action.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of third-party defendant Christa Construction LLC and dismissing the third-party complaint against it, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages based on the negligent performance of architectural and related services by defendant/third-party plaintiff (hereafter, defendant) and defendant's breach of a contract with plaintiff. Defendant commenced a third-party action alleging, inter alia, that third-party defendant Christa Construction LLC (Christa) breached its contract with plaintiff as the construction manager on the project at issue and that defendant is a third-party beneficiary of that contract. We agree with Christa that Supreme Court erred in denying its motion to dismiss the third-party complaint against it, and we therefore modify the order accordingly.

Although the contract between Christa and plaintiff required Christa to perform services for defendant, such as consulting, providing recommendations on budget matters and reviewing change requests, it also provided that nothing contained in the contract "shall create a contractual relationship with or a cause of action in favor of a third party against either [plaintiff] or [Christa]." That unambiguous language is sufficient to negate any intent to permit the contract's enforcement by third parties, and thus it cannot be said that defendant was a third-party beneficiary of that contract (*see Adelaide Prods., Inc. v BKN Intl. AG*, 38 AD3d 221, 226 [2007]; *Laur & Mack Contr. Co. v Di Cienzo*, 274 AD2d 960 [2000], *lv denied in part and dismissed in part* 96 NY2d 895 [2001]; *Nepco Forged Prods. v Consolidated Edison Co. of N.Y.*, 99 AD3d 508 [1984]). Also, based on the unambiguous language of the contract between Christa and plaintiff, we agree with Christa that defendant was not in the "functional equivalent of privity" to that contract (*see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357, [2008] *lv denied* 11 NY3d 706 [2008]). In any event, whether defendant was in the "functional equivalent of privity" to the contract is irrelevant where, as here, the third-party complaint fails to assert a cause of action for negligent misrepresentation (*see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 105 [2009], *lv dismissed* 13 NY3d 900 [2009]; *Richards Plumbing & Heating Co., Inc. v Washington Group Intl., Inc.*, 59 AD3d 311, 312 [2009]; *see generally Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424 [1989]).

In light of our determination, we need not address Christa's remaining contention. Present—Centra, J.P., Carni, Sconiers and Pine, JJ.