■ STRUCTURE TONE, INC., Respondent, v UNIVERSAL SERVICES GROUP, LTD., Appellant. UNIVERSAL SERVICES GROUP, LTD., Third-Party Plaintiff-Appellant, v PACE PLUMBING CORP. et al., Third-Party Defendants-Respondents. UNIVERSAL SERVICES GROUP, LTD., Second Third-Party Plaintiff-Appellant, v PREP-CRETE, INC., Second Third-Party Defendant-Respondent. [929 NYS2d 242]—

This action arises out of the construction of a Whole Foods market on the concourse of the AOL/Time Warner Center at Columbus Circle in Manhattan. Plaintiff Structure Tone, Inc. (STI), the general contractor for the work, retained USG to waterproof the market. The agreement provided that USG would be liable to STI for any damages incurred as a consequence of the failure by USG to comply with its obligations under the agreement. In the event that USG failed to promptly correct defective work, STI, at its option, could correct the work and deduct the cost from any money due to USG; if the cost of finishing the work exceeded the unpaid balance of the contract, USG was to pay the difference.

STI commenced this action in May 2006. STI's complaint alleges that on 15 occasions from February 19, 2004 through February 24, 2005, the waterproofing failed causing water to leak from the Whole Foods market into various tenant spaces below. STI stated that the leaks caused damage to an Equinox gym as well as to the Time Warner security center and a physical therapy center. As a result, STI undertook to remedy the problem, and allegedly sustained damages of $1.2 million. For each of the leaks, the complaint alleges both a cause of action for negligence and for breach of contract. STI specified its damages as the costs of remediation, future construction, loss of profit, recovery of the amounts paid to USG, and contract balances not paid by Whole Foods.

In its answer, USG interposed a number of affirmative defenses. These included: (1) STI's failure to mitigate damages; (2) interference; (3) frustration of performance; (4) waiver; and (5) breach of the covenant of good faith and fair dealing. It subsequently abandoned its claims of failure to mitigate damages and interference.

In August 2006, USG commenced a third-party action against, inter alia, Pace, the plumbing subcontractor, SBLM, the

architect, and Tremco, which supplied the waterproofing material. USG stated causes of action for contribution and indemnification. In addition, USG alleged separate causes of action for negligence against SBLM, and for negligence, strict products liability, and breach of warranty against Tremco.

In February 2010, Pace, Tremco, and SBLM moved for summary judgment dismissing the third-party complaint. The third-party defendants asserted, inter alia, that USG's claims for contribution were barred because STI sought to recover only damages for "economic loss." Further, they asserted that the claims for common-law indemnification were improper since, in the underlying action, USG was alleged to have been actively at fault.

In the same month, USG moved for partial summary judgment. USG sought dismissal of plaintiff's claims for damages resulting from four of the alleged leak occurrences. It also sought dismissal of all claims associated with redesigns and upgrades, and summary judgment on its affirmative defenses.

The motion court properly granted third-party defendants summary judgment as to USG's claims for contribution because despite USG's attempts at casting its claims in tort, the claims are based on alleged breaches of an express contract. Claims for contribution are governed by CPLR 1401 and apply to damages for personal injury, injury to property or wrongful death. Here, there was no personal injury, and a purely economic loss resulting from a breach of contract does not constitute an "injury to property" within the meaning of CPLR 1401 (see *Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]; see also *Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 897 [2003], *lv denied* 1 NY3d 504 [2003]).

USG's reliance on *Trustees of Columbia Univ. v Mitchell/ Giurgola Assoc.* (109 AD2d 449 [1985]), *Sommer v Federal Signal Corp.* (79 NY2d 540 [1992]), and *Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co.* (58 AD3d 178 [2008]) is misplaced. Those cases involved an unduly dangerous product or circumstance which threatened the public for which a party may be liable in tort independent of the party's contractual duties. In this case, although counsel at oral argument attempted to assert danger to the public from the leaks, there is no evidence of record of any such danger.

Further, it is well settled that common-law indemnification is available to a party that has been held vicariously liable from the party who was at fault in causing plaintiff's injuries (see *Hawthorne v South Bronx Community Corp.*, 78 NY2d 433

[1991]; *Richards Plumbing & Heating Co., Inc. v Washington Group Intl., Inc.*, 59 AD3d 311 [2009]; *see also Kye Yong Kim v 40th Assoc.*, 306 AD2d 220 [2003]). In this case, STI seeks recovery from USG solely because of USG's alleged wrongdoing. Thus, the motion court properly dismissed USG's third-party claims for common-law indemnification.

Moreover, the motion court correctly barred the third-party claims of negligence as against SBLM, and negligence, product liability and breach of warranty claims as against Tremco. There was no contractual relationship between USG and the third-party defendants, or indeed any other relationship that would impose a duty running to USG. Additionally, Tremco's liability was limited by its enforceable warranty (*see* UCC 2-719), which it fulfilled by providing replacement waterproofing material.

As to USG's motion for partial summary judgment, the court properly denied that branch of the motion seeking dismissal of plaintiff's claimed damages due to upgrades as opposed to repair work. There was conflicting testimony regarding whether any of the costs included in the damages constituted upgrades as opposed to repair costs, and thus a triable issue of fact was raised precluding summary judgment (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295 [2004]).

The court also properly denied dismissal of plaintiff's contractual causes of action based on USG's affirmative defenses. First, the doctrine of frustration of performance is inapplicable here since the doctrine offers a defense against enforcement of a contract when the reasons for performing the contract cease to exist due to an unforeseeable event which destroys the reasons for performing the contract (*see Pettinelli Elec. Co. v Board of Educ. of City of N.Y.*, 56 AD2d 520 [1977], *affd* 43 NY2d 760 [1977]; *see also Warner v Kaplan*, 71 AD3d 1 [2009], *lv denied* 14 NY3d 706 [2010]). Nor was USG entitled to summary judgment based on the defenses of waiver and breach of the covenant of good faith and fair dealing. USG argues on appeal that it asserts these defenses because plaintiff instructed USG to proceed with the waterproofing despite USG's complaints and concerns as to STI's alleged deviations from specifications. The motion court properly found that there is evidence in the record that USG's application of the waterproofing membrane was defective in multiple respects. Hence, there is no evidence of record that the waterproofing would have been successfully installed but for the failure of plaintiff to address USG's concerns and complaints.

We have considered appellant's remaining claims and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Manzanet-

Daniels and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31384(U).]**