■ LEHR ASSOCIATES CONSULTING ENGINEERS, LLP, Appellant, v DAIKIN AC (AMERICAS) INC. et al., Respondents. [20 NYS3d 67]—

Orders, Supreme Court, New York County (Eileen Bransten, J.), entered April 15, 2014, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (7), unanimously affirmed, with costs.

Plaintiff has no standing to maintain this suit, because after it assigned its claims against defendants to nonparty Timber Falls Foundation, it was "no longer the real party in interest" (*see James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836, 838 [1984]).

It would not avail plaintiff to amend the complaint to substitute Timber Falls as the plaintiff (*see MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313 [1st Dept 1992]). As of the commencement of this action, Timber Falls could not have asserted claims against defendants, because its 270-day deadline to do so (per its settlement with plaintiff and plaintiff's insurer) had already passed.

Even if plaintiff had standing or Timber Falls could be

substituted as the plaintiff, neither contribution nor indemnification would be available to plaintiff. "[P]urely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute" (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]; CPLR 1401). Plaintiff's reliance on *Sommer v Federal Signal Corp.* (79 NY2d 540 [1992]) and *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.* (259 AD2d 75 [1st Dept 1999]) is unavailing (*see Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 324 [1st Dept 2009]; *Structure Tone, Inc. v Universal Servs. Group, Ltd.*, 87 AD3d 909, 911 [1st Dept 2011]).

Indemnification would not be available because plaintiff failed to show that it was without fault (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 24-25 [1985]). Timber Falls alleged in its demand for arbitration that plaintiff violated its contractual and professional duties to Timber Falls; it did not merely seek to impose vicarious liability on plaintiff for defendants' misdeeds (*see e.g. Richards Plumbing & Heating Co., Inc. v Washington Group Intl., Inc.*, 59 AD3d 311 [1st Dept 2009]; *Trustees of Columbia Univ. v Mitchell / Giurgola Assoc.*, 109 AD2d 449, 453 [1st Dept 1985]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.