Kukielka v Santana (2021 NY Slip Op 01000)





Kukielka v Santana


2021 NY Slip Op 01000


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 153101/18 Appeal No. 13142N Case No. 2020-1700 

[*1]William Kukielka et al., Plaintiffs,
v
Ralph Santana et al., Defendants. Fairmont Insurance Brokers, LTD., NonParty Appellant.


Babchik & Young, LLP, White Plains (Lapo Torrini od counsel), for appellant.



Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered January 17, 2020, which granted plaintiffs' motion to consolidate two actions, unanimously reversed, on the law, without costs, and the motion denied.
"[T]here is a preference for consolidation in the interest of judicial economy where there are common questions of law and fact, unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right" (Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). "[D]eference is accorded to the motion's court discretion" (Lema v 1148 Corp., 176 AD3d 653, 654 [1st Dept 2019]; see CPLR 602[a]).
Here, the motion court should not have found common questions of law and fact warranting invocation of CPLR 602(a) for a joint trial of these actions (see County of Westchester v White Plains Ave., LLC, 105 AD3d 690, 691 [2d Dept 2013]). The two actions involve different issues, namely, the negligence claims against defendants Ralph Santana and Jessica Liefer, and the breach of contract and professional malpractice claims against the insurance broker, defendant Fairmont Insurance Broker, Ltd. (Fairmont). Furthermore, consolidation could result in jury confusion and prejudice to Fairmont (see Kelly v Yannotti, 4 NY2d 603, 607 [1958]). The jury could be more disposed to resolve the question of procuring adequate insurance coverage against Fairmont, the insurance broker, especially if it sought to render a verdict in favor of plaintiffs (see id.; Hershfeld v JM Woodworth Risk Retention Group, Inc., 164 AD3d 1423, 1424-1425 [2d Dept 2018]; see also Hoffman v Kew Gardens Hills Assoc., 187 AD2d 379, 379 [1st Dept 1992]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021