Kelley v Episcopal Church Home & Affiliates, Inc. (2021 NY Slip Op 06496)





Kelley v Episcopal Church Home & Affiliates, Inc.


2021 NY Slip Op 06496


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


827 CA 20-01557

[*1]RICHARD KELLEY AND JESSICA KELLEY, PLAINTIFFS-RESPONDENTS,
v
EPISCOPAL CHURCH HOME AND AFFILIATES, INC., LECESSE CONSTRUCTION SERVICES, LLC, AND WHIRLPOOL CORPORATION, DEFENDANTS-APPELLANTS.
EPISCOPAL CHURCH HOME AND AFFILIATES, INC. AND LECESSE CONSTRUCTION SERVICES, LLC, THIRD-PARTY PLAINTIFFS-RESPONDENTS, 
v
WHIRLPOOL CORPORATION, THIRD-PARTY DEFENDANT-APPELLANT. 






LAW OFFICES OF JOHN WALLACE, BUFFALO (NANCY A. LONG OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS EPISCOPAL CHURCH HOME AND AFFILIATES, INC. AND LECESSE CONSTRUCTION SERVICES, LLC. 
RAWLE & HENDERSON LLP, NEW YORK CITY (MICHAEL ZHU OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY DEFENDANT-APPELLANT WHIRLPOOL CORPORATION. 
LOSI & GANGI, BUFFALO (PATRICK J. BROWN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered November 5, 2020. The order, among other things, granted plaintiffs' motion for partial summary judgment pursuant to Labor Law § 240 (1). 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries that Richard Kelley (plaintiff) sustained on a construction site while delivering and installing appliances. Plaintiff and a coworker were hauling the appliances on handcarts up a flight of stairs, with the coworker at a higher elevation than plaintiff. When the coworker's back gave out, the coworker let go of his handcart, resulting in the cart and appliances falling down the stairs and striking plaintiff. Plaintiffs moved for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. Defendants-third-party plaintiffs Episcopal Church Home and Affliates, Inc. (Episcopal), the owner of the property, and Lecesse Construction Services, LLC (Lecesse), the general contractor on the project, moved for summary judgment dismissing the amended complaint against them and for summary judgment on their claims for common-law and contractual indemnification against defendant-third-party defendant Whirlpool Corporation (Whirlpool). Lecesee had entered into a master subcontract agreement (MSA) with Whirlpool to supply and install appliances on the project, and Whirlpool in turn subcontracted with plaintiff's employer to deliver and install those appliances. Whirlpool cross-moved for, among other things, summary judgment dismissing the [*2]amended complaint and cross claims against it. Supreme Court, inter alia, granted plaintiffs' motion, denied those parts of the motion of Episcopal and Lecesse and the cross motion of Whirlpool with respect to the Labor Law § 240 (1) cause of action against them, and granted the motion of Episcopal and Lecesse with respect to their contractual indemnification claim against Whirlpool. Whirlpool now appeals, and Episcopal and Lecesse cross-appeal.
Contrary to the contentions of Whirlpool on its appeal and Episcopal and Lecesse on their cross appeal, we conclude that the court properly granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1). Plaintiffs met their initial burden on the motion by establishing as a matter of law that plaintiff's "injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). In opposition, Whirlpool, Episcopal and Lecesse failed to raise a triable issue of fact. Although Whirlpool submitted an affidavit from an expert biomechanist, who opined that no additional safety devices were needed, the expert's opinion was based only on what is typical or common in the delivery and installation of appliances, and "evidence of industry practice is immaterial" (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523 [1985]; see Hamilton v Kushnir Realty Co., 51 AD3d 864, 865 [2d Dept 2008], lv denied 15 NY3d 705 [2010]). The expert's opinion therefore lacks probative force and is insufficient to create a triable issue of fact (see Romano v Stanley, 90 NY2d 444, 451-452 [1997]; Kropp v Town of Shandaken, 91 AD3d 1087, 1089 n 2 [3d Dept 2012]).
We also reject the contention of Whirlpool on its appeal that the court erred in granting the motion of Episcopal and Lecesse with respect to the claim for contractual indemnification. It is well settled that "the right to contractual indemnification depends upon the specific language of the contract" (Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018] [internal quotation marks omitted]). Here, section 6.7 of the MSA, as modified by the standard modifications to the MSA, required that Whirlpool indemnify Episcopal and Lecesse for liabilities and expenses incurred in the performance of work under the MSA "to the extent of Whirlpool's negligence or fault and/or the negligence or fault of any other party for whom Whirlpool is responsible." Based on our determination that Whirlpool and its subcontractor failed to provide adequate safety devices to protect plaintiff here, we agree with Episcopal and Lecesse that they established as a matter of law that the accident was the fault of Whirlpool or a party for whom it was responsible.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court