Olivieri v Barnes & Noble, Inc. (2022 NY Slip Op 07340)

Olivieri v Barnes & Noble, Inc.

2022 NY Slip Op 07340

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

785 CA 22-00261

[*1]LORI J. OLIVIERI, PLAINTIFF,
v
BARNES & NOBLE, INC., ET AL., DEFENDANTS.  BARNES & NOBLE, INC., THIRD-PARTY PLAINTIFF, 
 NATIONAL JANITORIAL SOLUTIONS INCORPORATED, ET AL., THIRD-PARTY DEFENDANTS. NATIONAL JANITORIAL SOLUTIONS INCORPORATED, FOURTH-PARTY PLAINTIFF-RESPONDENT, 
 RJS JANITORIAL, LLC, FOURTH-PARTY DEFENDANT-APPELLANT. 

GALLO VITUCCI KLAR LLP, NEW YORK CITY (C. BRIGGS JOHNSON OF COUNSEL), FOR FOURTH-PARTY DEFENDANT-APPELLANT.
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF-RESPONDENT. 

 Appeal from an amended order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 15, 2021. The amended order granted the motion of third-party defendant/fourth-party plaintiff for summary judgment on contractual indemnification against fourth-party defendant and denied the cross motion of fourth-party defendant for summary judgment dismissing the amended fourth-party complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs, the motion of third-party defendant/fourth-party plaintiff National Janitorial Solutions Incorporated is denied, the cross motion of fourth-party defendant RJS Janitorial, LLC is granted and the amended fourth-party complaint is dismissed.
Memorandum: Plaintiff commenced the underlying negligence action against defendant/third-party plaintiff, Barnes & Noble, Inc. (BN), among others, seeking to recover damages for injuries she allegedly sustained as a result of a slip and fall at one of BN's stores. BN subsequently commenced a third-party action against third-party defendant/fourth-party plaintiff National Janitorial Solutions Incorporated (NJS), among others, with whom BN had contracted for janitorial services at its stores. NJS then commenced a fourth-party action, denominated by the parties as a second third-party action, against fourth-party defendant RJS Janitorial, LLC (RJS), with whom NJS had subcontracted for janitorial services at the subject store. NJS asserted causes of action for contribution and common-law and contractual indemnification against RJS, and RJS now appeals from an amended order that granted the motion of NJS for summary judgment on its contractual indemnification cause of action, subject to an inquest on damages, and denied the cross motion of RJS for summary judgment dismissing the fourth-party complaint.
In a prior order in the underlying action, Supreme Court determined that plaintiff could not establish that the floor in BN's store was negligently maintained and the court therefore granted the motion of BN for summary judgment dismissing the complaint against it; that order was later affirmed by this Court (Olivieri v Barnes & Noble, Inc., 203 AD3d 1589, 1589-1590 [4th Dept 2022], affg 2020 NY Slip Op 34752[U] [Sup Ct, Erie County 2021] [Olivieri I]). Thereafter, in the third-party action against NJS, the court granted in part the motion of BN for summary judgment on its cause of action for contractual indemnification against NJS. NJS appealed, and we concluded that the court properly granted summary judgment on BN's cause of action for contractual indemnification from NJS insofar as it is based on plaintiff's claim or action inasmuch as the indemnification provision in the contract between BN and NJS did not "condition the indemnification of [BN] upon a finding that [NJS] was negligent or at fault" (Olivieri v Barnes & Noble, Inc., 208 AD3d 1001, 1004 [4th Dept 2022] [internal quotation marks omitted] [Olivieri II]).
Now on appeal, RJS contends that the court should have granted its cross motion because the specific terms of the contractual indemnification provision in the agreement here—i.e., the contract between NJS and RJS—unlike the provision at issue in Olivieri II, were not triggered by the mere assertion of a claim but required a finding of an actual breach of the agreement by RJS. Thus, it is RJS's position that, because no breach of the agreement can be found, the indemnification provision cannot be triggered in this case, and NJS's contractual indemnification cause of action against RJS should have been dismissed on that basis. We agree.
"[T]he right to contractual indemnification depends upon the specific language of the contract" (Kelley v Episcopal Church Home & Affiliates, Inc., 199 AD3d 1448, 1450 [4th Dept 2021] [internal quotation marks omitted]). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Thus, a "contract that provides for indemnification will be enforced as long as the intent to assume such a role is sufficiently clear and unambiguous" (Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274 [2007] [internal quotation marks omitted]). Moreover, in the absence of ambiguity, "it is the responsibility of the court to interpret [the contract]" (Town of Eden v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 88 [4th Dept 2001], lv denied 97 NY2d 603 [2001] [internal quotation marks omitted]).
Here, the indemnification provision provided that RJS would "indemnify, defend and hold harmless" NJS from "all liabilities, claims, actions, lawsuits, demands, costs, losses, damages, and expenses arising out of or relating to the acts and/or omissions of [RJS] . . . arising out of [RJS's] performance under this Agreement." The provision then defined the "acts against which NJS is indemnified" to include, but not be limited to, "damages or injuries arising through the use of improper or defective materials or tools, or the lack of adequate supervision, or the failure to obtain all necessary permits, registrations and licenses, or the failure to comply with all applicable federal, state and local laws, regulations and/or ordinances or through breach of this Agreement or otherwise." Under the rule of ejusdem generis, "a series of specific words describing things or concepts of a particular sort are used to explain the meaning of a general one in the same series" (242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co., 31 AD3d 100, 104 [1st Dept 2006] [internal quotation marks omitted]; see Camperlino v Bargabos, 96 AD3d 1582, 1583-1584 [4th Dept 2012]). Inasmuch as each of the specific words used in the series here described negligent acts or omissions, the general term "otherwise" must likewise be understood to refer to negligent acts or omissions. Thus, we conclude that the agreement here defined the acts or omissions covered by the indemnity provision "to include, inter alia, negligence 'or any other misfeasance, malfeasance, [or] non-feasance' " (Darien Lake Theme Park & Camping Resort, Inc. v Contour Erection & Siding Sys., Inc., 16 AD3d 1055, 1056 [4th Dept 2005]). Because RJS was not negligent here, the indemnification provision was not triggered and RJS is entitled to summary judgment dismissing the cause of action for contractual indemnification. Likewise, because RJS was not negligent, the claims for common-law indemnification and contribution have no merit (see Stone v Williams, 64 NY2d 639, 642 [1984]). The court thus erred in granting the motion and denying the cross motion.
In light of our determination, RJS's remaining contentions are academic.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court