## Trinity Bldrs. of N.Y., Inc. v Titanium Constr. Servs., Inc.

2026 NY Slip Op 30653(U)

February 20, 2026

Supreme Court, New York County

Docket Number: Index No. 653867/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. LYLE E. FRANK</u>      PART          11M

                               *Justice*

-----------------------------------------------------------------------------X

TRINITY BUILDERS OF NEW YORK, INC.,

                 Plaintiff,

             - v -

TITANIUM CONSTRUCTION SERVICES, INC.,134 JANE
STREET LLC,ATHENE ANNUITY AND LIFE COMPANY,
JOHN DOE NO. 1 THROUGH JOHN DOE NO. 100,
WESTCHESTER FIRE INSURANCE COMPANY, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY DEPARTMENT OF TRANSPORTATION,

                 Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653867/2024 |
| MOTION DATE | 11/06/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

134 JANE STREET LLC

                 Plaintiff,

             -against-

GOLDBERG-ZOINO ASSOCIATES OF NEW YORK, P.C.
D/B/A GZA GEOENVIRONMENTAL, INC.

                 Defendant.

-----------------------------------------------------------------------------X

Third-Party
Index No. 595903/2025

The following e-filed documents, listed by NYSCEF document number (Motion 001) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for                     DISMISS            .

Upon the foregoing documents, the motion is granted in part, and the cross-motion is granted in part.

## Background

These motions arise out of a breach of contract and mechanic's lien case relating to work performed on a condominium building at 134 Jane Street. The property in question is owned by defendant/third-party plaintiff 134 Jane Street LLC ("Owner"). Plaintiff Trinity Builders of New

**653867/2024 TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION
SERVICES, INC. ET AL
Motion No. 001**

**Page 1 of 10**

1 of 10

[* 1]

York, Inc. ("Trinity" or "Plaintiff") was retained as a subcontractor on the project by the general contractor, Titanium Construction Services, Inc. ("Titanium" or "GC"). In June of 2021, Owner entered into a professional services agreement (the "Agreement") with a geoengineering firm, movant and third-party defendant Goldberg-Zoino Associates of New York, P.C. d/b/a GZA Geoenvironmental, Inc. ("GZA" or "Engineer").

According to the amended complaint, Plaintiff alleges that they furnished work, labor, and materials on the project that they have not been paid for, with an outstanding amount owed of over two million dollars. Relevant for this motion, Plaintiff had submitted change orders to Trinity that were not approved and appear to never have been submitted to the Owner for payment. The change orders were for additional work performed on the project that Owner alleges was a result of negligent design, as well as property damage and delays suffered by Trinity. Plaintiff, seeking to recoup for unpaid work, filed a mechanic's lien in May of 2024 against the property in the amount of $1,234,444.32 (the "First Mechanic's Lien"). They also filed a second mechanic's lien at the end of that month for the amount of $971,260.21 (the "Second Mechanic's Lien").

*Procedural History*

In July of 2024, Owner filed a proceeding against GZA alleging professional malpractice (the "Owner Action"). This proceeding was filed in August of 2024, with both Titanium and Owner named as defendants. Relevant for these motions, Plaintiff seeks to foreclose on both liens against Owner. Although not named as a party, the amended complaint alleges that GZA had prepared an inaccurate design plan for the project, and that the Owner failed to implement a revised plan for mitigating on-going plans that had been drafted mid-project by GZA. Owner has filed a third-party complaint against GZA. The third-party complaint seeks both contractual and

653867/2024  TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  001

Page 2 of 10

2 of 10

[* 2]

common-law indemnification from the Engineer. GZA brings the present pre-answer motion to dismiss the third-party complaint, and Owner cross-moves in opposition and to consolidate this case with the Owner Action.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 [1994]. A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

## Discussion

In this motion, GZA moves to dismiss the third-party complaint for failure to state cause of action. More specifically, GZA argues that there has been no requisite finding of negligence to

653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No. 001

Page 3 of 10

3 of 10

[* 3]

trigger the contractual indemnification provision and that the underlying action is not one that can support a common-law indemnification claim. In opposition, Owner cross-moves to deny the motion and consolidate this action with the Owner Action. The main issues here are the interpretation of the contractual indemnification provision in the Agreement, whether the claims in the amended complaint could give rise to common-law indemnification and/or contribution, and whether any party will be prejudiced by consolidation. For the reasons that follow, the motion to dismiss is granted as to the second and third causes of action, and the cross-motion is granted as to the first cause of action and denied as to the consolidation.

*Contractual Indemnification Not Limited to Death, Bodily Injury, or Property Damage*

GZA moves to dismiss the cause of action for contractual indemnification on the grounds that the indemnification clause in the Agreement is only triggered in cases of death, bodily injury, or property damage. They also argue that a finding of negligence is required before Owner could plead a claim for contractual indemnification. The relevant portion from the indemnification clause reads: "[GZA shall indemnify Owner] to the extent caused by the negligent act, error or omission or violation of law of [GZA] including, bodily injury, death, and personal injury […] or property damage." As a general rule, contractual indemnification provisions are to be "strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 [1989]. Both the intent to indemnify and the scope of indemnification must be clear from the language of the provision. *Fresh Del Monte Produce v. Eastbrook Caribe A.V.V.*, 40 A.D.3d 415, 418 [1st Dept. 2007].

The first issue is whether the language reading "including, bodily injury, death, and personal injury […] or property damage" narrows the list of applicable scenarios to those listed,

653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION
SERVICES, INC. ET AL
Motion No.  001

Page 4 of 10

[* 4]

or whether the enumerated scenarios are merely illustrative. GZA urges the Court to read the "including" language to limit indemnification to the following list of scenarios. Owner, on the other hand, argues that the enumerated list was merely illustrative, and that "including" should be read as "including, but not limited to." GZA cites to *Olivierei*, but that case is inapplicable as it resolved a different issue. There, the Fourth Department interpreted the word "otherwise" in an indemnification provision as referring solely to negligent acts or omissions because the preceding list of specific indemnification scenarios all involved negligence. *Olivieri v. Barnes & Noble, Inc.*, 211 A.D.3d 1525, 1528 [4th Dept. 2022]. Here, the issue turns on whether or not the word "including" limits applicability to the following enumerated scenarios, or whether "including" makes the following list merely illustrative. The First Department has held that "[s]ubject to its contextual usage, the word 'include' is generally a term of enlargement and not of limitation, connoting an illustrative application of a general principle." *Empire Mut. Ins. Co. v. Applied Systems Dev. Corp.*, 121 A.D.2d 956, 960 [1st Dept. 1986]. It appears clear to the Court that the language reading "bodily injury, death, and personal injury […] or property damage" was merely an illustrative list of examples in which GZA's negligence could lead to indemnification and was not a restrictive list. Therefore, dismissal of the first cause of action on this ground would be improper.

## *The Contractual Indemnification Claim is Timely*

GZA next argues that a finding of negligence is required before Owner could plead a claim for indemnification. They argue that the provision in question requires a finding of negligence before any duty arises, therefore the first cause of action in the third-party complaint is premature. The cases they cite to in support of this proposition, however, are cases involving summary judgment, not a pre-answer motion to dismiss. *See, e.g., Pena v. Intergate Manhattan*

653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION
SERVICES, INC. ET AL
Motion No. 001

Page 5 of 10

5 of 10

[* 5]

*LLC*, 194 A.D.3d 576 [1st Dept. 2021]. Owner is not seeking to enforce the cause of action at this time, they have merely pled the claim. The First Department has held that in the interests of judicial economy, indemnification claims asserted in a third-party action are an exception to the rule that a cause of action for indemnification accrues when payment is made to the claimant. *Mars Associates, Inc. v. New York City Educational Constr. Fund*, 126 A.D.2d 178, 191 [1st Dept. 1987]. If GZA was correct in their argument that a finding of negligence was necessary before a claim for indemnification could even be pled, an already overburdened court system would be even further bogged down as parties would need to fully prosecute any underlying proceeding before instituting indemnification claims. Therefore, the first cause of action in this third-party complaint is timely.

*Plaintiff's Claims Do Not Necessarily Need to Address the Issue of Negligence in Order to Trigger the Indemnification Clause*

In the underlying proceeding, Plaintiff seeks to enforce two mechanic's liens against Owner, who claims that the extra work that was the subject of the mechanic's liens was only incurred due to GZA's negligence, thus triggering the contractual indemnification provision in the Agreement. GZA argues that because the issue of negligence will never be determined by the resolution of a failure to pay/mechanic's lien claim, Plaintiff's claims cannot trigger the indemnification provision. They point to the claims asserted against them for alleged negligence in the Owner Action and argue that the issue of any additional expenses incurred by Owner due to alleged negligence by GZA will be addressed in that action. Both parties cite to cases that are inapplicable here as they arise out of the Labor Law context. *See, e.g., Hoelle v. New York Equities Co.*, 258 A.D.2d 253, 253 [1st Dept. 1999].

**653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL**
**Motion No.  001**

**Page 6 of 10**

6 of 10

Ultimately, GZA has not met its heavy burden at this procedural stage regarding dismissal based on this argument. It is true that Owner will have to establish negligence by GZA that led to the extra work that is the subject of the two mechanic's liens, and it is true that Owner could be found liable for Plaintiff's claims without the issue of negligence being addressed. But Owner asserts that the work underpinning the charge sheets leading to the mechanics liens here arose out of GZA's negligence, which brings the matter within the ambit of the contractual indemnification provision. Therefore, while a finding of Owner's liability on Plaintiff's claims would not lead to an automatic finding of GZA's liability through contractual indemnification (as Owner would still need to establish GZA's negligence), at this stage it is possible that the charges incurred underpinning the mechanic's lien might be traced to a negligent act or omission by GZA. Dismissal of the contractual indemnification on this ground would therefore be premature.

_Common-law Indemnification Is Unavailable Due to Owner's Participation in Wrongdoing by Failing to Pay Extra Charges Incurred_

GZA argues that common-law indemnification is unavailable here as the claims asserted in the amended complaint stem from Owner's own wrongdoing. The general rule is that "common-law indemnification is available to a party that has been held vicariously liable from the party who was at fault in causing plaintiff's injuries." _Structure Tone, Inc. v. Universal Servs. Group, Ltd._, 87 A.D.3d 909, 911 [1st Dept. 2011]. Common-law indemnification requires a showing that the party seeking it "may not be held responsible in any degree." _Rosado v. Proctor & Schwartz, Inc._, 66 N.y.2d 21, 24 – 25 [1985]; _see also Trump Vill. Section 3, Inc. v. N.Y. State Hous. Fin. Agency_, 307 A.D.2d 891, 895 [1st Dept. 2003] (holding that common-law indemnity is unavailable when the party seeking indemnification "actually participated in some degree in

**653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  001**

**Page 7 of 10**

7 of 10

[* 7]

the wrongdoing"). Therefore, "to be entitled to indemnification, the owner or contractor seeking indemnity must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought." *17 Vista Fee Assocs. v. Teachers Ins. & Annuity Ass'n of Am.*, 259 A.D.2d 75, 80 [1st Dept. 1999].

Here, it is the specific nature of Plaintiff's claims that becomes dispositive. Plaintiff is seeking to foreclose on two mechanics' liens. Under Lien Law § 3, the property owner must have consented to the work that was performed. As the Court of Appeals has held, it is the "owner's consent or requirement that the improvement be made, rather than mere passive acquiescence in or knowledge of improvements being made, [that] is contemplated by the statute." *Ferrar v. Peaches Café LLC*, 32 N.Y.3d 348, 354 [2018]. In other words, in order for Owner to be found liable under the mechanics lien claims in the amended complaint, it would have needed to in some respect affirmatively assented to the extra work performed and then failed to pay those charge orders.

It is reasonably possible that GZA's negligence might have led to the need for extra work to have been performed (and thus the extra charges incurred as a result), leading to contractual indemnification for the extra charge orders. But in order for common-law indemnification to be available here, it would need to be shown that it was solely GZA's wrongdoing that led to Owner's *failure to pay* the extra charge orders incurred. There have been no facts alleged here that would lead to such an inference. If found liable under the mechanic's lien claims, Owner would necessarily have had to have assented to extra work and then failed to pay for it, thus it would have participated in some degree in wrongdoing. Therefore, under the facts alleged, there is no common-law indemnification available for Owner and the second cause of action in the third-party complaint must be dismissed.

653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  001

Page 8 of 10

8 of 10

[* 8]

*Contribution Is Barred by the Economic Loss Doctrine*

GZA moves to dismiss the third cause of action for contribution on the grounds that it is barred by the economic loss rule. This rule states that when a plaintiff seeks to recover "merely for economic loss" or "only a contractual benefit of the bargain recovery, [] tort language notwithstanding, contribution is unavailable." *Trump Vill.*, at 897. Owner argues that at least some of the change orders that are the subject of the mechanic's liens might be ultimately determined to have arisen from property damage caused by GZA's alleged negligence. They also cite to *Castle Village Owners Corp.* There, the First Department held that a contribution claim was not barred by the economic loss doctrine because "as a design professional, [the professional] may be subject to tort liability for failure to exercise reasonable care, irrespective of its contractual duties." *Castle Vil. Owners Corp. v. Greater N.Y. Mut. Ins. Co.*, 58 A.D.3d 178, 185 [1st Dept. 2008]. But crucially, there the damages sought by the plaintiff were "not limited to the benefit of the [contractual] bargain." *Id*. Here, Plaintiff has pled claims for breach of contract and foreclosure of mechanics' lien. These claims clearly plead damages arising out of contractual benefit of the bargain liability, rather than tort liability. Therefore, the claim for contribution is barred by the economic loss doctrine and must be dismissed.

*Consolidation Would Risk Confusing the Jury*

Owner seeks to consolidate this action with the previously filed Owner Action on the grounds that the two actions involve common questions of law or fact. Under CPLR § 602(a), a court may consolidate two actions upon motion when the actions involve a "common question of law or fact." While such a decision is left to the court's discretion, consolidation is generally favored on judicial economy grounds unless the party that opposes the motion satisfies their burden of demonstrating that consolidation would prejudice a substantial right. *Amcan Holdings,*

653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  001

Page 9 of 10

9 of 10

*Inc. v. Torys LLP*, 32 A.D.3d 337, 339 [1st Dept. 2006]. Here, GZA opposes the consolidation motion on the grounds that the cases involve different legal theories and that it could result in jury confusion. Courts have routinely held that consolidation of professional malpractice cases (such as the Owner Action) with those involving personal injury or breach of contract risk confusing the jury and prejudicing the defendant the malpractice case. *See, e.g., Kukielka v. Santana*, 191 A.D.3d 532, 533 [1st Dept. 2021]; *Simoni v. Costigan*, 1010 A.D.3d 531, 531 [1st Dept. 2012]. The Court finds that given the different legal theories between a breach of contract/failure to pay action and a professional malpractice action, consolidation here would risk confusing the jury. Therefore, that portion of the cross-motion is denied. Accordingly, it is hereby

ADJUDGED that the motion to dismiss the third-party complaint is granted as to the second and third causes of action; and it is further

ORDERED that defendant Goldberg-Zoino Associates of New York, P.C., d/b/a GZA Geoenvironmental, Inc. is directed to serve an answer to the third-party complaint within 20 days after service of a copy of this order with notice of entry.

ADJUDGED that the cross-motion to consolidate is denied.

20260220152714LFRANK89D0B786DA6E4024860E3A01FCE01025

__2/20/2026__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653867/2024   TRINITY BUILDERS OF NEW YORK, INC. vs. TITANIUM CONSTRUCTION SERVICES, INC. ET AL
Motion No.  001**

Page 10 of 10

[* 10]